STATE OF NORTH CAROLINA v. LACY LOCKLEAR, DEFENDANT AND JOHN LEE, SURETY

No. 7818SC903

(Filed 31 July 1979)

1. **Arrest and Bail § 11.4— remission of portion of forfeited appearance bond—extraordinary cause**

    The trial court did not err in finding that the surety on a forfeited appearance bond in a felonious assault case had shown "extraordinary cause" for remission of a portion of the amount forfeited where efforts of the surety after defendant's arrest for driving under the influence led to denial of any further bond for defendant and resulted in defendant's detention on the assault charge for which the bond had secured defendant's appearance. G.S. 15A-544(h).

2. **Arrest and Bail § 11.4— constitutionality of statute permitting remission of forfeited bond**

    The statute permitting the remission of amounts adjudged forfeited on criminal appearance bonds, G.S. 15A-544(h), does not violate the constitutional provision that the proceeds of forfeitures are to remain in the several counties and be used for public schools, N. C. Constitution, Article IX, § 7.

APPEAL by Guilford County Board of Education from *Kivett, Judge.* Order dated 10 August 1978 entered in the Superior Court, GUILFORD County. Heard in the Court of Appeals 11 June 1979.

This is an appeal from a judgment entered pursuant to G.S. 15A-544(h) directing remission to the surety of a portion of the amount which had been adjudged forfeited on a criminal ap-

pearance bond. On 2 September 1977, the surety, John Lee, sign-
ed a $2000.00 appearance bond for one Lacy Locklear, who was
charged with a felonious assault. The defendant Locklear failed to
appear for his trial on 3 October 1977, and an order for his arrest
and forfeiture of the bond was issued on that date. On 21 March
1978, the Superior Court entered final judgment of forfeiture on
the bond. On 6 July 1978, the surety paid the judgment and costs,
and thereafter the Clerk of Superior Court paid the amount of the
forfeiture to the County Treasurer for the County School Fund.

The present proceeding was commenced on 2 August 1978,
when the surety filed a motion for remission of the forfeiture,
alleging that he had made diligent search and inquiry into the
whereabouts of the defendant and that on or about 27 July 1978,
when defendant was arrested for driving under the influence, the
surety's personal efforts led to denial of any further bond for the
defendant. As required by G.S. 15A-544(h), a copy of the motion
was served on the attorney for the county school board, who filed
answer opposing the motion on the ground that the "extraor-
dinary cause" required by G.S. 15A-544(h) for allowance of such a
motion had not been shown.

At the hearing on the motion, the surety testified:

I took the following steps to bring the defendant into court
after I was notified that the defendant failed to appear: Con-
tacted a bondsman in Winston-Salem who was originally on
the defendant's bond in this case to get the defendant's ad-
dress; the address was in Pembroke, so I called the Sheriff
down there to check it out and found that the defendant had
left; I checked with the father-in-law in Kernersville on
several different occasions and he hadn't seen him and didn't
know where he was; one night about two weeks ago, on a Fri-
day night, I got a call that the police had picked up the de-
fendant on a drunk driving charge; I checked with the
sheriff's office, they didn't have anything on him, so I check-
ed then with the Clerk's office and found that the papers had
been returned unserved and were filed there, and then I got
a Deputy Sheriff to serve them on the defendant (the bonds-
man, Mr. Lee, was apparently talking here about the
forfeiture papers).

The amount of the forfeiture bond was $2,000.00. I incurred expenses in trying to apprehend the defendant by taking two trips to Kernersville, made several calls to Pembroke; and two or three trips to Winston-Salem, from Greensboro, trying to find the defendant. I spent a good deal of time on it.

On cross-examination by the attorney for the school board, the surety testified:

Yes, the defendant is here because he was arrested for drunk driving. No, I didn't arrest the defendant but if I hadn't provided the information, the defendant would have been bonded on that particular charge or let out by a District Court Judge. My efforts were instrumental in preventing that from happening and, therefore, preventing the defendant from making a new bond and being available for trial.

At the conclusion of the hearing, the court entered an order finding that due to the efforts of the surety, the defendant Locklear had been detained and was available to stand trial on the assault charge. The court concluded that the surety's efforts amounted to "extraordinary cause shown" under G.S. 15A-544(h) and "that the ends of justice would be served by the court's remission of $1,500.00 of the $2,000.00 bond amount that Mr. Lee has heretofore paid into the Office of the Clerk of Superior Court." From the court's order in accord with these conclusions, the Guilford County Board of Education appeals.

*Douglas, Ravenel, Hardy, Crihfield & Bullock by John W. Hardy for the Guilford County Board of Education, appellant.*

*William C. Ray and James Lee Knight for the surety, appellee.*

PARKER, Judge.

[1] The appellant first assigns error to the trial court's conclusion that the surety showed extraordinary cause for remission of the judgment. G.S. 15A-544(h) provides that "[f]or extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate." The trial court concluded upon

uncontroverted evidence that "the efforts made by Mr. John Lee amount to extraordinary cause shown under the provisions of Chapter 15A, Section 544 of the General Statutes of the State of North Carolina." We cannot say that the court was in error in so concluding. The efforts of the bondsman, while not dramatic, did result in the principal's detention on the charge for which the bond had secured the principal's appearance. The goal of the bonding system is the production of the defendant, not increased revenues for the county school fund, *see* Watts, The Pretrial Criminal Procedure Act: The Subchapter on Custody, 10 W.F.L. Rev. 417, 461-62 (1974), and in this case the surety's efforts led directly to achieving that goal. Appellant's first assignment of error is overruled.

[2]   The appellant contends in its second assignment of error that the remission provision in G.S. 15A-544(h) is unconstitutional in that it violates the North Carolina Constitution, Article IX, Section 7 which reads:

County and school fund. All moneys, stocks, bonds, and other property belonging to the county school fund, and the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal laws of the State, shall belong to and remain in the several counties, and shall be faithfully appropriated and used exclusively for maintaining free public schools.

The record does not indicate that this constitutional contention was raised or passed upon in the trial court, and as a general rule appellate court will not pass upon a constitutional question which was not raised and considered in the court from which appeal was taken. *Wilcox v. Highway Comm.*, 279 N.C. 185, 181 S.E. 2d 435 (1971); *Brice v. Moore*, 30 N.C. App. 365, 226 S.E. 2d 882 (1976); *Carpenter v. Carpenter*, 25 N.C. App. 235, 212 S.E. 2d 911 (1975). Moreover, we find appellant's argument unpersuasive. G.S. 15A-544(h) is not in violation of the above quoted constitutional provision. The statute does not permit a *diversion* of funds as was proscribed in *Shore v. Edmisten, Atty. General*, 290 N.C. 628, 227 S.E. 2d 553 (1976). G.S. 15A-544(h) provides for remission of forfeitures as opposed to diversion to other purposes. The statute merely dictates the manner in which the amounts constituting

"the clear proceeds of forfeitures" are to be determined. This assignment of error is overruled. The judgment appealed from is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.