State v. Rakina and State v. Zofira

STATE OF NORTH CAROLINA v. MAMIE RAKINA AND STATE OF NORTH CAROLINA v. MARIA ZOFIRA

No. 8015SC404

(Filed 18 November 1980)

1. **Arrest and Bail § 11.4– remission of forfeited bond – elapse of more than 90 days after forfeiture**

   The trial court properly found that G.S. 15A-544(e) was not applicable to a petition for remission of forfeited appearance bonds because more than 90 days had elapsed since entry of the judgment of forfeiture where the petition was filed on 1 July 1979; the hearing on the petition was set for 30 July 1979, the date the 90 day period elapsed; the hearing was continued at the request of the State until 20 August 1979; the hearing was not held until 19 November 1979; and the record fails to disclose why the hearing was not held on 20 August or at whose request the hearing was continued.

**2. Arrest and Bail § 11.4– remission of forfeited bond – no extraordinary cause**

　　The trial court made sufficient findings of fact to support its conclusion that no extraordinary cause was shown to justify remission of forfeited appearance bonds in whole or in part under G.S. 15A-544(h).

APPEAL by petitioner surety-obligor from *Herring, Judge.* Order entered 21 November 1979 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 14 October 1980.

On 18 October 1978 appellant, a professional bondsman in Baltimore, Maryland, posted two appearance bonds in Alamance County Superior Court secured by full deposits of $25,000.00 each for criminal defendants, Rakina and Zofira. Both defendants failed to appear for trial on 7 November 1978 and orders of forfeiture were entered on the bonds in each case. In response to notice of the orders, appellant, through counsel, filed answer on 7 December 1978. Appellant was subsequently notified of a 30 April 1979 hearing at which he would be allowed to present evidence to show cause why judgment against him should be set aside. On 30 April 1979 judgment was entered against appellant in the amount of the bonds. On 14 May 1979 appellant surrendered defendants to the Sheriff of Alamance County and they were arrested.

On 1 July 1979 appellant, through counsel, filed a petition for remission of the forfeited bonds pursuant to N.C. Gen. Stat. § 15A-544 (e) and (h). The hearing on this petition was set for 30 July 1979. On 27 July 1979 the hearing was continued at the request of an assistant district attorney until 20 August 1979.

Hearing on the petition was finally held during the 19 November 1979 session of court. At the hearing Judge Herring made findings of fact and concluded:

　(1)　That N.C. Gen. Stat. § 15A-544 (e) was not applicable to the proceeding as more than ninety days had elapsed since entry of judgment of forfeiture; and

　(2)　That appellant had not shown "extraordinary cause" justifying remission.

Judge Herring therefore denied the petition. The petitioner appealed.

*Attorney General Edmisten, by Senior Deputy Attorney General Andrew A. Vanore, Jr. and Special Deputy Attorney General Isaac T. Avery III, for the State.*

*Drum and Lefkowitz by Victor M. Lefkowitz, for petitioner-appellant.*

MARTIN (Robert M.), Judge.

The purpose of N.C. Gen. Stat. § 15A-544, which regulates the forfeiture of bonds in criminal proceedings, is to establish "an orderly procedure for forfeiture." *Id.*, (Official Commentary). After entry of judgment of forfeiture, subsections (e) and (h) provide two situations in which the court is authorized to order remission. Subsection (e) provides:

> At any time within 90 days after entry of the judgment against a principal or his surety, or on the first day of the next session of court commencing more than 90 days after the entry of the judgment, the court may direct that the judgment be remitted in whole or in part, upon such conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment.

Under subsection (e) the court is guided in its discretion as "justice requires." Execution is mandatory under subsection (f) "[i]f a judgment has not been remitted within the period provided in subsection (e) above. ...." Subsection (h) becomes applicable after execution of the judgment. Subsection (h) provides in pertinent part:

> For extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate.

Under subsection (h), the court in its discretion is authorized to remit the judgment "[f]or extraordinary cause shown."

[1] By his first argument appellant contends the trial court erred in concluding that N.C. Gen. Stat. § 15A-544(e) was inapplicable to the proceeding as more than ninety days had elapsed since entry of judgment of forfeiture. Appellant contends that when the petition for remission is timely filed and set for hear-

ing, a continuance granted at the State's request does not divest the trial court of jurisdiction to exercise its discretion pursuant to G.S. 15A-544(e). This issue has not been answered previously by the courts of our State and it is unnecessary to answer it in the case *sub judice*.

The record discloses that judgment of forfeiture was entered 30 April 1979. The ninety-day period under subsection (e) would have elapsed on 29 July 1979, a Sunday. Therefore the ninetieth day is deemed to have been Monday, July 30. Assuming, for purposes of argument only, that the ninety-day period can be extended by a continuance requested by the State, the statutory period was extended to 20 August 1979. The hearing was not held and the order was not entered until 19 November 1979, which was clearly outside even the "extended" ninety-day period. The record fails to disclose why the hearing was not held at the earlier 20 August 1979 date or at whose request the hearing was continued. Nor does the record disclose when the "first day of the next session of court commencing more than 90 days after the entry of the judgment ..." was. We therefore agree with Judge Herring that G.S. 15A-544(e) was not applicable to the proceeding.

[2] Appellant also argues that the trial court failed to make findings of fact with sufficient particularity to support its conclusion that no extraordinary cause was shown to justify remission of the bond in whole or part under subsection (h) of G.S. 15A-544. We disagree.

The court made three findings of fact pertinent to the existence of extraordinary cause: Finding #6 that appellant retained counsel and incurred other expenses in connection with the forfeiture, Finding #12 that there was no evidence that the State incurred any expense in returning the defendants to custody, and Finding #14 that appellant "has not satisfied the Court of the existence of extraordinary cause" justifying remission of the forfeiture in whole or in part. Appellant contends the court "failed to address in its findings of fact the personal efforts of surety, the absence of prejudice to the State, and the significance of appellant's lack of understanding of the proceedings."

Appellant argues for more specificity than is required. Under Rule 52(a), N.C. Rules Civ. Proc., the court need only

make brief, definite, pertinent findings and conclusions upon the contested matters. A finding of such essential facts as lay a basis for the decision is sufficient. *Trotter v. Hewitt,* 19 N.C. App. 253, 198 S.E. 2d 465, *cert. denied,* 284 N.C. 124, 199 S.E. 2d 633 (1973). The findings by the court in the case *sub judice* are sufficient and support the court's conclusion.

For the reasons stated above the order of the trial court is affirmed.

Affirmed.

Judges HEDRICK and MARTIN (Harry C.) concur.