STATE OF NORTH CAROLINA, Plaintiff v. LEAMON N. FONVILLE, Defendant; FRANK MOSELEY, Surety

No. 848SC420

(Filed 5 February 1985)

Arrest and Bail § 11.4— remission of forfeited appearance bond — extraordinary cause

    The trial court did not err in determining that efforts made by a bondsman amounted to extraordinary cause pursuant to G.S. 15A-544(h) and in remitting the bond where the petitioner was not a professional bondsman but

apparently signed the bond for defendant because he was his friend; he received no payment for signing the bond; he possessed very limited assets; he got in touch with defendant after defendant failed to appear; and he picked defendant up and carried him to court the day he paid his fine.

APPEAL by the Lenoir County Board of Education and the State of North Carolina from *Walker, Russell G., Jr., Judge.* Order entered 16 December 1983 in Superior Court, LENOIR County. Heard in the Court of Appeals 16 January 1985.

The State and the Lenoir County Board of Education appeal from an order remitting a bond forfeiture. The evidence at the hearing on the petition for remission showed that the defendant was charged with driving under the influence of alcohol and leaving the scene of an accident. Frank Moseley signed a $2,000.00 appearance bond for the defendant. The defendant failed to appear for trial on 31 August 1982 and the Court ordered his arrest and the forfeiture of the bond. The surety brought the defendant to Superior Court at which time his case was remanded to District Court on 31 March 1983. The defendant then complied with the judgment in District Court in April 1983. On 31 March 1983 the Court entered a judgment for $2,000 against the defendant and the surety. The surety filed a petition on 3 October 1983 for remission of the bond. The surety testified that he was 68 years of age, that he was not a professional bondsman and that he did not receive any compensation for signing the bond. He introduced his tax listing in Lenoir County which showed his only real estate in the County was one house and lot.

Judge Walker made findings of fact based on the evidence and concluded that the efforts made by Frank Moseley amounted to extraordinary cause. He ordered that the judgment against Mr. Moseley be remitted. The State and the Board of Education appealed.

*Harvey W. Marcus for appellant Lenoir County Board of Education.*

*Robert B. Hulbert, Jr., Assistant District Attorney for the State.*

*Joretta Durant for petitioner appellee.*

WEBB, Judge.

G.S. 15A-544(e) and (h) provide for the remission of bond forfeitures. Subsection (e) provides that the Court may order a remission within 90 days of the entry of judgment or on the first day of the next session of court commencing more than 90 days after the entry of judgment if it appears that justice requires the remission. The petition for remission in this case was not filed within this time period. G.S. 15A-544(e) does not apply in this case.

G.S. 15A-544(h) provides that for "extraordinary cause shown, the court which has entered judgment may . . . remit the judgment in whole or in part." The question posed by this appeal is whether the petitioner has shown "extraordinary cause" which allows the Court to remit the bond forfeiture. In *State v. Locklear*, 42 N.C. App. 486, 256 S.E. 2d 830, appeal dismissed, 298 N.C. 302, 259 S.E. 2d 303 (1979), the Superior Court found extraordinary cause when the evidence showed the bondsman had made several trips of 20 miles or less as well as several telephone calls in an effort to locate the defendant. He found the defendant who was in jail on a different charge in another county and notified the sheriff of the county in which he had signed the bond who returned the defendant for trial. In affirming the order for remitting a part of the bond this Court said:

> The efforts of the bondsman, while not dramatic, did result in the principal's detention on the charge for which the bond had secured the principal's appearance. The goal of the bonding system is the production of the defendant, not increased revenues for the county school fund . . . [citation omitted] and in this case the surety's efforts led directly to achieving that goal.

The efforts of the petitioner in this case were not dramatic, but they led to the defendant's appearance in court. Petitioner was not a professional bondsman; he apparently signed the bond for the defendant because he was his friend; he received no payment for signing the bond; and he possessed very limited assets. In light of all these circumstances we cannot say the Court erred in concluding that petitioner showed extraordinary cause pursuant to G.S. 15A-544(h) for remission of the forfeiture judgment.

---

---

The appellants contend that the Court made irrelevant findings of fact. This does not constitute reversible error so long as other findings of fact support the order. See *Brown v. Hurley*, 243 N.C. 138, 90 S.E. 2d 324 (1955). We have held that there are sufficient findings of fact to support the order.

The appellants also contend that there was not sufficient evidence to support the findings of fact that the petitioner procured the appearance of the defendant in court and the surety's sole asset is the house in which he resides.

There was testimony that Mr. Moseley got in touch with the defendant after the defendant failed to appear, that he picked the defendant up and carried the defendant to court the day he paid his fine. This supports the finding of fact that the surety procured the appearance of the defendant in court.

There was evidence in the form of the tax listing which showed the surety owned one house and lot in Lenoir County. There was no evidence that he owned any other property. This evidence supports the Court's finding of fact that the surety's sole asset is the house in which he resides.

Affirmed.

Judges EAGLES and COZORT concur.