STATE OF NORTH CAROLINA, Appellee v. WAYNE RUSSELL ROBINSON and CARLYLE POINDEXTER, Surety-Petitioner-Appellant

No. COA00-47

(Filed 21 August 2001)

**1. Bail and Pretrial Release— forfeiture of bond—extraordinary cause—failure to secure defendant's appearance**

The trial court did not fail to make appropriate and necessary findings of fact and conclusions of law to support its decision that the surety did not demonstrate extraordinary cause entitling him to relief from the forfeiture of a surety bond in the amount of $40,000, because the trial court found that despite the surety's efforts, he was unable to secure the appearance of defendant in court, which is the primary purpose of the bond system.

**2. Bail and Pretrial Release— forfeiture of bond—extraordinary cause—statutory goal to produce defendant at trial**

The trial court did not abuse its discretion by denying a surety's petition to remit forfeiture of a bond before execution by allegedly failing to conclude as a matter of law that the surety's evidence demonstrated extraordinary cause under N.C.G.S. § 15A-544(h), because: (1) N.C.G.S. § 15A-544(e) provides that justice requires a defendant's presence, and a surety has the responsibility to produce the defendant; and (2) the surety in this case, who was a professional in the bonding business, failed to produce the defendant and thus failed to meet the statutory goal of N.C.G.S. § 15A-544 to ensure the production of defendant for trial.

Judge Wynn dissenting.

Appeal by surety-petitioner from order entered 2 September 1999 by Judge Wade Barber, Jr. in Superior Court, Granville County. Heard in the Court of Appeals 21 February 2001.

*Royster, Cross & Currin, LLP, by James E. Cross, Jr. and Dale W. Hensley, for the State.*

*Edmundson & Burnette, L.L.P., by R. Gene Edmundson and James T. Duckworth III; Perry, Kittrell, Blackburn & Blackburn, by Charles F. Blackburn, for surety-petitioner-appellant.*

STATE v. ROBINSON

[145 N.C. App. 658 (2001)]

McGEE, Judge.

Carlyle Poindexter (petitioner) appeals an order filed 2 September 1999 denying his petition to remit forfeiture of a bond before execution. Wayne Russell Robinson (Robinson) was arrested 20 March 1998 on a charge of trafficking in cocaine and attempting to obtain property by false pretenses. His bond was set at $40,000. Petitioner executed a surety appearance bond for Robinson in the amount of $40,000. Robinson failed to appear on his trial date. An order of bond forfeiture was entered 20 January 1999.

Petitioner's agent, Aric W. Swanger, obtained custody of a suspect in Stone Mountain, Georgia on 22 March 1999 and believing the suspect to be Robinson returned him to North Carolina. After the suspect was incarcerated, it was determined by a Granville County detective that the fingerprints of the suspect did not match the fingerprints of Robinson. The suspect was released and flown back to Georgia by petitioner. Petitioner did not locate Robinson and was unable to obtain his custody.

Judgment of forfeiture was entered against petitioner on 14 July 1999 and the trial court's order stipulated "that this ruling is without prejudice to the surety to request by proper verified written petition that the judgment be remitted, in whole or in part, pursuant to N.C.G.S. 15A-544(e)." Petitioner filed a petition to remit forfeiture before execution on 4 August 1999 along with an affidavit signed by petitioner stating the case "is extraordinary and I request special consideration be given to this matter for two reasons: (a) Extraordinary effort of surety and (b) the State's failure to properly identify the defendant." Petitioner submitted extensive records asserting that numerous hours of searching, calling, paying informants and meeting with law enforcement officials had been spent in search of Robinson.

The trial court made the following findings of fact in its order denying petitioner's petition to remit forfeiture before execution:

3. On 4 August, 1999 the bondsman [Poindexter], surety for the defendant in this matter, filed a verified Petition to Remit Forfeiture Before Execution on the basis of extraordinary cause pursuant to G.S. 15A-544. The defendant has not been surrendered by the surety and has not otherwise been apprehended.

4. The surety has made extensive efforts to apprehend the defendant as set forth in the verified petition and his testimony. Those efforts have been unsuccessful.

5. [Poindexter] testified that although he reported to the North Carolina Department of Insurance that the defendant had paid a premium of $6,000.00, in truth, the defendant paid a premium of only $4,000.00 for the bond. He said this practice was per the instructions of the Department of Insurance.

Petitioner appeals from this order.

I.

**[1]** Petitioner argues that the trial court erred by failing to make appropriate and necessary findings of fact and conclusions of law to support its decision that petitioner did not demonstrate extraordinary cause entitling him to relief. Petitioner contends that our Court's holding in *State v. Lanier*, 93 N.C. App. 779, 379 S.E.2d 109 (1989) controls the present case. In *Lanier*, our Court held that the trial court's comment that "the school board needs this money more than the [s]urety and I am not going to make any remissions" did not meet the test required by N.C. Gen. Stat. § 15A-544(h) (1999). *Id.* at 781, 379 S.E.2d at 110. Our Court noted that "[t]he required test is whether 'extraordinary cause' is shown. Without the trial court making appropriate findings of fact and conclusions of law . . . we are unable to give effective review of the trial court's decision." *Id.* at 781, 379 S.E.2d at 110-11.

We note that the Court's holding in *Lanier* was based on the standard of "extraordinary cause" pursuant to N.C.G.S. § 15A-544(h). For reasons that we will review in the second part of our analysis, the case before us is on appeal pursuant to the "justice requires" standard enunciated in N.C.G.S. § 15A-544(e).

The State argues that the trial court is not required to give a lengthy explanation of its decision. "Under Rule 52(a), N.C. Rules Civ. Proc., the court need only make brief, definite, pertinent findings and conclusions upon the contested matters. A finding of such essential facts as lay a basis for the decision is sufficient." *State v. Rakina and State v. Zofira*, 49 N.C. App. 537, 540-41, 272 S.E.2d 3, 5 (1980), *disc. review denied*, 302 N.C. 221, 277 S.E.2d 70 (1981) (citation omitted).

The findings of fact by the trial court in the case before us are sufficient and support its conclusion that "the petition of the surety to

remit the $40,000.00 bond be denied in full." "The goal of the bonding system is the production of the defendant[.]" *State v. Locklear*, 42 N.C. App. 486, 489, 256 S.E.2d 830, 832 (1979) (citation omitted). In *Locklear*, our Court affirmed the trial court's order to remit the bond to the surety because "[t]he efforts of the bondsman, while not dramatic, did result in the principal's detention on the charge for which the bond had secured the principal's appearance." *Id.* In *State v. Vikre*, our Court affirmed the trial court's denial of the surety's petition to remit and held that "the efforts made by the sureties . . . did not lead to [defendant's] appearance in [court], the primary goal of the bonds." *Vikre*, 86 N.C. App. 196, 199, 356 S.E.2d 802, 804 (citations omitted), *disc. review denied*, 320 N.C. 637, 360 S.E.2d 103 (1987). Therefore our Court found that "we cannot say, as a matter of law, that the sureties' evidence conclusively demonstrates . . . justifying remission of the bonds[.]" *Id. See also State v. Pelley*, 222 N.C. 684, 688, 24 S.E.2d 635, 638 (1943) ("[t]he very purpose of the bond was not to enrich the treasury of [the] County, but to make the sureties responsible for the appearance of the defendant at the proper time").

In the case before us, the trial court found that petitioner, despite his efforts, was unable to secure the appearance of Robinson in Granville County Superior Court, which is the primary purpose of the bond system. The trial court's findings of fact support its conclusion of law that petitioner be denied remission of the $40,000 bond. Petitioner's first assignment of error is dismissed.

## II.

**[2]** Petitioner next argues that the trial court erred in denying his petition for remission by failing to conclude as a matter of law that petitioner's evidence demonstrated "extraordinary cause" pursuant to N.C.G.S. § 15A-544(h). We disagree. N.C.G.S. § 15A-544(e) states that

> [a]t any time within 90 days after entry of the judgment against a principal or surety, the principal or surety, by verified written petition, may request that the judgment be remitted in whole or in part, upon such conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment.

Our Court in *Rakina* confirmed that "[u]nder subsection (e) the court is guided in its discretion as 'justice requires.' Execution is manda-

tory under subsection (f) '[i]f a judgment has not been remitted within the period provided in subsection (e) above. . . .' Subsection (h) becomes applicable *after* execution of the judgment." *Rakina*, 49 N.C. App. at 539, 272 S.E.2d at 4. (emphasis added) (quoting N.C.G.S. § 15A-544).

The record in this case shows no execution of the judgment of forfeiture. In addition, the record shows that petitioner filed his petition to remit forfeiture before execution within ninety days after the 14 July 1999 judgment of forfeiture and that the trial court's order stated that its "ruling is without prejudice to the surety to request by proper verified written petition that the judgment be remitted in whole or in part, pursuant to N.C.G.S. 15A-544(e)." Although the 2 September 1999 order uses the "extraordinary cause" language within its findings, the trial court entitled its order as an "Order Upon Surety's Petition To Remit Forfeiture *Before* Execution" and stated that the matter was before the trial court as "a verified Petition to Remit Forfeiture *Before* Execution." (Emphasis added). Our Court found in *State v. Horne*, 68 N.C. App. 480, 483, 315 S.E.2d 321, 323 (1984), that in a review of an order pursuant to N.C.G.S. § 15A-544(e) "[i]t is immaterial . . . that the judge's order did not include a use of the statutory words 'justice requires.' " Under these facts, subsection (h) is inapplicable, and we apply subsection (e) alone.

Our Court in *Horne* held that since N.C.G.S. § 15A-544(e) "says 'may' remit, the decision to do so or not is a discretionary one." *Horne*, 68 N.C. App. at 483, 315 S.E.2d at 323. Thus, "[i]n order to exercise judicial discretion in a manner favorable to a surety, the judge must determine in his discretion that justice requires remission." *Id.* The *Horne* court found "that justice required the defendant's presence, rather than his absence" and that the sureties, although not professionals in the bonding business, "knowingly executed a defendant's bail bond and had the responsibility to produce the defendant for all his required court appearances." *Id.*

Applying the decision in *Horne* to the facts before us, petitioner, who is a professional in the bonding business, testified that his agent conducted an investigative interview with Robinson and then executed a surety appearance bond for him. Petitioner testified that all the information given him by Robinson during the interview was false. When Robinson failed to appear for his court date, petitioner was unable to locate him based on the false information given by Robinson. As stated in *Horne*, "justice required defendant's presence"

and petitioner "had the responsibility to produce the defendant[.]" *Id.* We cannot say the trial court abused its discretion in denying petitioner's petition for remission when petitioner failed to produce Robinson and thus failed to meet the statutory goal of N.C.G.S. § 15A-544 to ensure the production of the defendant for trial.

The trial court's order denying petitioner's petition to remit forfeiture before execution is affirmed.

Affirmed.

Judge THOMAS concurs.

Judge WYNN dissents.

WYNN, Judge, dissenting.

Because I believe that the trial court failed to make adequate findings of fact and conclusions of law to support its order denying surety's petition to remit forfeiture of the bond, I respectfully dissent from the majority opinion.

Our Rules of Civil Procedure require the trial court, at a minimum, to "make brief, definite, pertinent findings and conclusions upon the contested matters. A finding of such essential facts as lay a basis for the decision is sufficient." *State v. Rakina and State v. Zofira,* 49 N.C. App. 537, 540-41, 272 S.E.2d 3, 5 (1980), *disc. review denied,* 302 N.C. 221, 277 S.E.2d 70 (1981) (citation omitted); *see* N.C. Gen. Stat. § 1A-1, Rule 52(a) (1999).

In my opinion, the trial court's findings in this case are primarily statements of the disposition of this case, not findings of fact on the disputed issues. Indeed, the trial court made only two relevant "findings of fact": (1) "The defendant has not been surrendered by the surety and has not otherwise been apprehended"; and (2) "The surety has made extensive efforts to apprehend the defendant as set forth in the verified petition and his testimony. Those efforts have been unsuccessful." Based on those scant findings, the trial court "conclude[d], in its discretion, that the Surety's Petition should be denied."

The majority opinion states:

In the case before us, the trial court found that petitioner, despite his efforts, was unable to secure the appearance of Robinson in

Granville County Superior Court, which is the primary purpose of the bond system. The trial court's *finding* of fact supports its conclusion of law that petitioner be denied remission of the $40,000 bond.

This conclusion implies that the sole and determinative factor in the "justice requires" analysis under G.S. § 15A-544(e) is whether the surety is able to procure the appearance of the defendant. I disagree with that implication.

While the recovery of a defendant who has "jumped" bail is important and a defendant's appearance is the ultimate goal of the bond system, it should not be the *sole* determinative factor in deciding whether to remit a bond forfeiture under G.S. § 15A-544(e). For instance, in *State v. Horne*, 68 N.C. App. 480, 315 S.E.2d 321 (1984), the trial court made fourteen extensive findings of fact, which were not challenged by the appellants. Instead, the appellants there challenged the trial court's conclusion that there was no meritorious defense for the remission of any of the judgment. On review, this Court concluded that "[t]he facts as found do not compel the conclusion that 'justice requires' the forfeiture be remitted in whole or in part." In contrast, the surety in the instant case does not challenge the scant findings made, but instead contends that there were inadequate findings of fact and conclusions of law.

Furthermore, *State v. Vikre*, 86 N.C. App. 196, 356 S.E.2d 802 (1987), is inapposite in that it involved remission under G.S. § 15A-544(h), and thus involved application of the "extraordinary cause" standard instead of the "justice requires" formula.

In summary, I believe this matter should be remanded to the trial court for further findings of fact and conclusions of law. I offer no opinion on the issue of whether "justice requires" remission in the instant case, but believe that there were inadequate findings of fact to support the trial court's conclusion denying remission on the basis that justice did *not* so require.