STATE OF NORTH CAROLINA v. TROY GENE McCARN, Defendant, JUDGMENT CREDITOR: Watauga County Board of Education, SURETY/BONDSMAN: Rayburn E. Farmer

No. COA01-1462

(Filed 6 August 2002)

**1. Bail and Pretrial Release— forfeiture—defendant incarcerated out of state**

The trial court did not abuse its discretion by not remitting an appearance bond for extraordinary cause where the surety knew that defendant was incarcerated in Georgia and requested assistance from the clerk of court and the district attorney but the Georgia authorities were not advised of outstanding warrants and did not place a hold on defendant. The surety had the responsibility to produce defendant and its efforts do not appear to be extraordinary; the State does not have an affirmative duty to aid a surety in locating a defendant who has not appeared.

**2. Appeal and Error— cross-assignment of error—trial court error**

A cross-assignment of error which alleged that the trial court had erred by not dismissing the appeal did not present an alter-

native basis in law for supporting the judgment and was not properly before the Court of Appeals.

Appeal by surety from order entered 6 July 2001 by Judge Alexander Lyerly in Watauga County District Court. Heard in the Court of Appeals 29 July 2002.

*Steven M. Carlson for Rayburn E. Farmer, surety-appellant.*

*Miller & Johnson, P.L.L.C, by Paul E. Miller, Jr. and Linda L. Johnson for appellee, Watauga County Board of Education, judgment creditor-appellee.*

BIGGS, Judge.

Surety-bondsman Rayburn E. Farmer (Surety Farmer), the agent for Frontier Insurance, appeals the district court's order denying his motion to remit judgment of bond forfeiture. The Watauga County Board of Education (Judgment Creditor) is the judgment creditor and appellee in the present case by virtue of its opportunity to be heard pursuant to N.C.G.S. § 15A-544 (1999) (repealed Jan. 1, 2001).

On 3 October 1999, Troy Gene McCarn (McCarn) was arrested for obtaining property by false pretenses. On 6 October 1999, Surety Farmer posted an appearance bond in the amount of $7000 and McCarn was released. On 23 February 2000, the trial court entered an Order of Bond Forfeiture and Notice when McCarn failed to appear in court. The trial court entered a Judgment of Forfeiture on 29 November 2000.

On 15 February 2001, Mountaineer Bail Bonds filed a motion to remit bond under N.C.G.S. § 15A-544(e) (2001). On 7 March 2001, the trial court entered an order denying remission of the bond, and on 8 March 2001, a writ of execution was entered on the bond forfeiture. On 16 March 2001, Mountaineer Bail Bonds appealed. Judgment Creditor moved to dismiss the appeal on the grounds that Surety Farmer, agent for Frontier Insurance Company, was the proper party in interest, who signed for McCarn's appearance bond, and not Mountaineer Bail Bonds. Mountaineer Bail Bonds subsequently withdrew its appeal.

On 7 June 2001, Surety Farmer, filed a motion to remit bond pursuant to N.C.G.S. § 15A-544(h) (2001). In his motion, Surety Farmer asserted that he made diligent efforts to locate McCarn, including advising the 24th Judicial District Attorney's office, the Kannapolis

Police Department and the Watauga County Clerk of Superior Court that McCarn was incarcerated in Augusta, Georgia. Surety Farmer asserted that despite contacting the above agencies, the Augusta, Georgia Sheriff's Department was not advised of the outstanding warrants for defendant's arrest and a hold was not placed on McCarn. Judgment Creditor moved to dismiss the motion to remit based on *res judicata*. The trial court denied the motion to dismiss on the grounds that the 15 February and 7 June 2001 motions to remit bond requested relief under two separate and distinct grounds.

On 6 July 2001, the trial court denied Surety Farmer's motion to remit. In its order, the trial court found as fact:

7. That while each verified Motion indicated that the Surety knew of the Georgia location of the Defendant and that the Surety made phone calls and requests for assistance from the Watauga County Clerk of Court and District Attorney's offices, neither verified Motion indicated that the Surety or any of his agents made any trips to Georgia to the known location of the Defendant to pick him up and return him to the North Carolina authorities, nor did the Surety provide any other reasons or show any other efforts or excess expenses of the Surety to recover the Defendant or circumstances which indicated extraordinary cause or which made it impossible for the Surety to surrender the Defendant.

On 17 July 2001, Mountaineer Bail Bonds appealed. Judgment Creditor again moved to dismiss the appeal because Mountaineer Bail Bonds was not the real party in interest. Surety Farmer moved to substitute himself as the appealing party and gave notice of appeal from the 6 July 2001 order. On 14 November 2001, the trial court denied Judgment Creditor's motion to dismiss the appeal. From the order entered 6 July 2001, Surety Farmer appeals.

---

[1] Surety Farmer contends the trial court abused its discretion by failing to remit the bond for extraordinary cause. He argues that "[t]he failure of the North Carolina agencies to contact the Augusta County Sheriff's Department coupled with the Surety/Bondsman's efforts to successfully locate Defendant, constitutes such unusual and extraordinary circumstances that remission of the bond is required."

After careful review of the record, briefs and contentions of the parties, we affirm. This Court has stated:

it is within the court's discretion to remit judgment for extraordinary cause, and we therefore review the court's decision pursuant to section 15A-544(h) for abuse of discretion. Extraordinary cause, under section 15A-544(h), is cause going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee. In determining whether the facts of a particular case constitute extraordinary cause, the trial court must make brief, definite, pertinent findings and conclusions.

*State v. Coronel*, 145 N.C. App. 237, 243, 550 S.E.2d 561, 566 (2001) *disc. review denied*, 355 N.C. 217, 560 S.E.2d. 144 (2002) (citations omitted). An abuse of discretion results when an act is " 'not done according to reason or judgment, but depending upon the will alone' and 'done without reason.' " *Dare County Bd. of Education v. Sakaria*, 118 N.C. App. 609, 616, 456 S.E.2d 842, 847 (1995) (quoting *In re Housing Auth.*, 235 N.C. 463, 468, 70 S.E.2d 500, 503 1982)), *aff'd per curiam*, 342 N.C. 648, 466 S.E.2d 717 (1996) (citations omitted).

We find no abuse of discretion in the instant case. The Surety had the responsibility to produce defendant for all his required court appearances. The efforts expended by Surety Farmer did not lead to defendant's appearance in Watauga County Superior Court, "the primary goal of the bonds." *State v. Vikre*, 86 N.C. App. 196, 199, 356 S.E.2d 802, 804 (1987), *disc. review denied*, 320 N.C. 637, 360 S.E.2d 103 (1987) (citations omitted). Furthermore, Surety Farmer's efforts to locate defendant do not appear to be "extraordinary," within the meaning of N.C.G.S. § 15A-544(h). The trial court specifically found that Surety Farmer did not make any trips to Georgia to pick up defendant nor did the Surety show "any other efforts or excess expenses of the Surety to recover the [d]efendant or circumstances which indicated extraordinary cause." Finally, we do not believe the State has an affirmative duty to aid a surety in its effort to locate a defendant who has not appeared in court as required. Thus, we cannot say, as a matter of law, that the trial court erred in concluding that Surety demonstrated extraordinary cause justifying remission of the bond. Accordingly, we affirm.

[2] Judgment Creditor cross assigns as error the trial court's denial of its motion to dismiss the appeal. North Carolina Rules of Appellate Procedure, Rule 10(d) states in part:

**STATE v. McCARN**

[151 N.C. App. 742 (2002)]

Without taking an appeal an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which deprived the appellee of an alternative basis in law for *supporting* the judgment, order, or other determination from which appeal has been taken.

(Emphasis added). In its cross-assignment of error, Judgment Creditor does not present an alternative basis in law for supporting the order. Instead, Judgment Creditor contends that the trial court erred in refusing to dismiss the appeal. Therefore, Judgment Creditor's contention is not properly before this Court and the cross-assignment of error is overruled.

Affirmed.

Judges WALKER and THOMAS concur.