STATE OF NORTH CAROLINA v. ALVIS LUTHER EVANS, Defendant, and
ROBERT L. McQUEEN, Surety

No. COA03-1114

(Filed 21 September 2004)

**Bail and Pretrial Release— bond forfeiture—surrender of
defendant—motion for relief from final judgment—extra-
ordinary circumstances**

The trial court did not abuse its discretion by denying ·a
surety's motion for relief from final judgments of bail bond for-
feitures based upon "extraordinary circumstances" under
N.C.G.S. § 15A-544.8, even though the surety surrendered defend-
ant to the county sheriff and the trial court may have erred in fail-
ing to grant the surety's initial motions to set aside the bond for-
feitures under N.C.G.S. § 15A-544.5(b)(3), because the surety's
failure to appeal the orders denying his initial motions divested
him of the right to appellate review of the merits of those orders.

Judge Wynn dissenting.

Appeal by surety from order entered 10 March 2003 by Judge E.
Lynn Johnson in Cumberland County Superior Court. Heard in the
Court of Appeals 25 May 2004.

*David Phillips, for the Cumberland County Board of Education.*

*Parish & Cooke, by James R. Parish, for the surety.*

CALABRIA, Judge.

Robert L. McQueen ("McQueen") appeals the trial court's de-
nial of his motion for relief from final judgment of bond forfeiture.
We affirm.

In November 2001, McQueen posted bonds for Alvis Luther Evans
("the defendant") in the amount of $10,000.00 for each of two counts
of trafficking in cocaine, and $5,000.00 for one count of maintaining a

place for controlled substances. The defendant failed to appear, and the bonds were ordered forfeited on 6 May 2002 with a final judgment date of 17 October 2002.

On 12 October 2002, McQueen located the defendant and surrendered him to the Cumberland County Sheriff. Three days later, on 15 October 2002, McQueen filed *pro se* motions to set aside the forfeitures under N.C. Gen. Stat. § 15A-544.5, certifying that he had served copies of the motions on the district attorney and the school board attorney by mailing copies to each by first class mail on 15 October 2002. However, the record shows the notice was postmarked on 24 October 2002 and received by the Board of Education on 28 October 2002. Based upon the delay in service, the school board requested McQueen's motions to set aside the bond forfeitures be denied.

On 26 November 2002, the trial court denied McQueen's motions indicating "this case is one of nine cases on the Superior Court calendar to be heard on this date and in each case the Cumberland County Board of Education received notice on the 13th day after filing." The trial court concluded that "the Surety's actions do establish a pattern of conduct that is in fact denying the statutory required period of time for response by the Cumberland County Board of Education." Though the 26 November orders were immediately appealable pursuant to N.C. Gen. Stat. § 15A-544.5(h) (2003), McQueen filed no appeal, and the forfeitures became final judgments as of 17 October 2002. Thereafter, McQueen initiated a new proceeding on 31 January 2003 by filing a motion for relief from final judgment of forfeiture. The trial court denied said motion by order entered 10 March 2003. From this denial, McQueen appeals.

In ruling on motions for relief from a final judgment of forfeiture, the trial court is guided by N.C. Gen. Stat. § 15A-544.8 (2003), which provides the exclusive avenue for relief:

(b) Reasons.—The court may grant the defendant or any surety named in the judgment relief from the judgment, for the following reasons, *and none other*:

(1) The person seeking relief was not given notice . . . .

(2) *Other extraordinary circumstances* exist that the court, in its discretion, determines should entitle that person to relief.

(emphasis added). Should the court determine at the hearing that statutory grounds for relief exist, it "may grant the party any relief

from the judgment that the court considers appropriate, including the refund of all or a part of any money paid to satisfy the judgment." N.C. Gen. Stat. § 15A-544.8(c)(4) (2003).

Initially, we note McQueen did not raise insufficient notice before the trial court or on appeal; accordingly, our review is limited to whether the trial court abused its discretion in failing to find that "other extraordinary circumstances" existed that would entitle McQueen to relief from final judgment. On appeal, McQueen draws this Court's attention to the mandatory provisions of N.C. Gen. Stat. § 15A-544.5 (2003), which involves a trial court's review of a bond forfeiture and mandates the setting aside of such forfeiture when certain, exclusively-enumerated events occur. In relevant part, N.C. Gen. Stat. § 15A-544.5(b)(3) requires a bond forfeiture to be set aside when "[t]he defendant has been surrendered by a surety on the bail bond . . . ." Assuming *arguendo* McQueen's surrender of the defendant in the instant case met the requirements of N.C. Gen. Stat. § 15A-544.5(b)(3) and the trial court erred in failing to set aside the bond forfeitures, we are not of the opinion that such error is conclusive of our analysis of the trial court's denial of relief from final judgment of forfeiture under N.C. Gen. Stat. § 15A-544.8.

Accepting McQueen's argument would be tantamount to holding that the trial court, as a matter of law, abuses its discretion by failing to equate the statutory criteria for setting aside a forfeiture listed in N.C. Gen. Stat. § 15A-544.5(b)(1)-(6) (2003) with "extraordinary circumstances" for purposes of obtaining relief from final judgment under N.C. Gen. Stat. § 15A-544.8(b)(2). However, nothing in the statutes suggests the General Assembly intended to give a surety an opportunity, under the mantle of N.C. Gen. Stat. § 15A-544.8's "extraordinary circumstances," to re-capitulate to the trial court arguments concerning the alleged fulfilment of one of the statutory events which would mandate the setting aside of a forfeiture after those arguments were rejected and the motion was denied under N.C. Gen. Stat. § 15A-544.5.

A final reason to distinguish between McQueen's failure to observe the appropriate statutory method provided for raising these arguments to the appellate division under N.C. Gen. Stat. § 15A-544.8 and a proper appeal of such arguments under N.C. Gen. Stat. § 15A-544.5 is as follows: while the setting aside of a forfeiture that has not become final imposes no burden on any party, the court's grant of relief from a final judgment of forfeiture can be burdensome

on local school boards, which, as beneficiaries of the proceeds from forfeited appearance bonds, may be required to pay a "refund of all or a part of any money paid to satisfy the judgment" under N.C. Gen. Stat. § 15A-544.8(c)(4).

Thus, regardless of whether the trial court erred in denying McQueen's motions to set aside the forfeitures, McQueen's failure to appeal those orders divested him of the right to appellate review of their merits. We will not resurrect the arguments of that appeal or ignore the effect of failing to properly appeal those orders by holding, as a matter of law, that the trial court abuses its discretion when it abstains from equating an arguably erroneous denial of a motion to set aside forfeiture with "extraordinary circumstances" under N.C. Gen. Stat. § 15A-544.8.

Affirmed.

Judge LEVINSON concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

This case presents the issue of whether a bondsman who has surrendered a defendant to proper legal authorities is entitled to have a final judgment of bond forfeiture set aside based upon extraordinary circumstances under N.C. Gen. Stat. § 15A-544.8 (2003). As this Court's precedent indicates such a surrender constitutes extraordinary circumstances, I respectfully dissent.

The efforts of a bondsman resulting in the detention of a principal on the charge for which the bond was secured constitutes extraordinary cause. *See State v. Locklear*, 42 N.C. App. 486, 488-89, 256 S.E.2d 830, 832 (1979) (stating "[t]he efforts of the bondsman, while not dramatic, did result in the principal's detention on the charge for which the bond had secured the principal's appearance" and recognizing "the goal of the bonding system is the production of the defendant, not increased revenues for the county school fund . . . and in this case the surety's efforts led directly to achieving that goal"); *see also State v. Coronel*, 145 N.C. App. 237, 245, 550 S.E.2d 561, 567 (2001) (stating "our appellate courts have held that extraordinary cause exists where the professional surety actually recovered the defendant after the ninety-day deadline, although the surety's efforts

were not dramatic") (quotations omitted).[1] In this case, McQueen surrendered Defendant prior to entry of the final judgment of forfeiture. If the surrender of a defendant *after* the final judgment of forfeiture has been entered constituted extraordinary cause, then surely the surrender of a defendant *before* the final judgment of forfeiture has been entered constitutes extraordinary cause.

Indeed, appellate cases focus upon the efforts of the surety to secure the presence of the defendant in determining whether to grant relief from a final judgment of bond forfeiture. As stated in *State v. Robinson*, 145 N.C. App. 658, 661, 551 S.E.2d 460, 462 (2001):

> "The goal of the bonding system is the production of the defendant[.]" *State v. Locklear*, 42 N.C. App. 486, 489, 256 S.E.2d 830, 832 (1979) (citation omitted). In *Locklear*, our Court affirmed the trial court's order to remit the bond to the surety because "[t]he efforts of the bondsman, while not dramatic, did result in the principal's detention on the charge for which the bond had secured the principal's appearance." *Id.* In *State v. Vikre*, our Court affirmed the trial court's denial of the surety's petition to remit and held that "the efforts made by the sureties . . . did not lead to [defendant's] appearance in [court], the primary goal of the bonds." *Vikre*, 86 N.C. App. 196, 199, 356 S.E.2d 802, 804 (citations omitted), *disc. review denied*, 320 N.C. 637, 360 S.E.2d 103 (1987). Therefore our Court found that "we cannot say, as a matter of law, that the sureties' evidence conclusively demonstrates . . . justifying remission of the bonds[.]" *Id. See also State v. Pelley*, 222 N.C. 684, 688, 24 S.E.2d 635, 638 (1943) ("the very purpose of the bond was not to enrich the treasury of [the] County, but to make the sureties responsible for the appearance of the defendant at the proper time").

*See also State v. Fonville*, 72 N.C. App. 527, 325 S.E.2d 258 (1985) (extraordinary cause found where a private surety brought a defendant to court after entry of the forfeiture judgment to pay his fine). Moreover, the factors to be considered in determining whether extraordinary circumstances exist favor the surety in this case. These factors include:

---

1. Effective January 1, 2001, N.C. Gen. Stat. § 15A-544, which governed bail bond forfeiture, was repealed. N.C. Gen. Stat. § 15A-544.1 et seq. currently governs bail bond forfeiture and is applicable in this case. Although the time limitations and procedures under N.C. Gen. Stat. § 15A-544.1 et seq. are different from N.C. Gen. Stat. § 15A-544, the case law governing the definition of various statutory terms remains good authority.

[1.] the inconvenience and cost to the State and the courts;

[2.] the diligence of sureties in staying abreast of the defendant's whereabouts prior to the date of appearance and in searching for the defendant . . . ;

[3.] [in cases where the defendant has died], the surety's diligence in obtaining information of the defendant's death . . . ;

[4.] the risk assumed by the sureties;

[5.] the surety's status, be it private or professional.

*Coronel*, 145 N.C. App. at 248, 550 S.E.2d at 569 (citations omitted). In this case, the surety located and surrendered the defendant prior to the entry of final judgment of forfeiture at no expense to the State.[2]

In denying McQueen's motion, the trial court did not consider McQueen's surrender of defendant or his efforts in procuring defendant's surrender in determining whether extraordinary cause was shown. Rather, the trial court denied McQueen's motion for relief from final judgment of forfeiture because the erroneous certificate of service denied the school board an opportunity to object to his motion to set aside bond forfeiture in several cases. This is not the focus of the extraordinary cause test and, moreover, McQueen's actions did not prejudice the school board.

In this case, McQueen timely filed a written motion to set aside the forfeiture with the sheriff's surrender acknowledgment attached before the expiration of 150 days after receipt of the bond forfeiture notice. On the standardized motion form, McQueen indicated he mailed a copy of the motion to the school board attorney on 15 October 2002; however, the motion was not postmarked until 24 October 2002.

Under N.C. Gen. Stat. § 15A-544.5(d)(4), if the board of education does not object by the tenth day after the motion is served, the clerk shall enter an order setting aside the forfeiture. If the motion is served via mail, the school board has an additional three days in which to object to the motion. *See* N.C. Gen. Stat. § 1A-1, Rule 6(e)

2. After surrendering the defendant, the surety filed a *pro se* motion to set aside the bond forfeiture under N.C. Gen. Stat. § 15A-544.5. This statutory provision mandates that a bond forfeiture shall be set aside if the surety surrenders the defendant within the requisite time period. N.C. Gen. Stat. § 15A-544.5 (2003). Notwithstanding the surety's compliance with this provision, the trial court erroneously denied the surety's motion.

(2003).[3] The school board contends that because the certificate of service indicates McQueen served the motion via mail on 15 October 2002, the bond forfeiture would have been automatically set aside on 28 October 2002 if the school board did not timely object. However, McQueen did not mail the motion to the school board until 24 October 2002, as evidenced by the envelope's postmark. The school board received the motion on 28 October 2002. Thus, the school board argued that McQueen had effectively denied the school board time to object to the motion in an attempt by the surety to achieve the automatic set aside of the forfeiture that would occur.

However, the school board could have moved for more time to respond to McQueen's motion. N.C. Gen. Stat. § 1A-1, Rule 5(b) states that:

> [W]ith respect to such other pleadings and papers, service upon the attorney or upon a party may also be made by delivering a copy to the party or by mailing it to the party at the party's last known address or, if no address is known, by filing it with the clerk of court. . . . Service by mail shall be complete upon deposit of the pleading or paper enclosed in a post-paid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service.

Moreover, N.C. Gen. Stat. § 1A-1, Rule 5(d) states:

> With respect to all pleadings and other papers as to which service and return has not been made in the manner provided in Rule 4, proof of service shall be made by filing with the court a certificate either by the attorney or the party that the paper was served in the manner prescribed by this rule, or a certificate of acceptance of service by the attorney or the party to be served. Such certificate shall show the date and method of service or the date of acceptance of service.

The certificate of service gives rise to a rebuttable presumption of proper service upon the other party. *See N. State Fin. Co., Inc. v. Leonard*, 263 N.C. 167, 170, 139 S.E.2d 356, 358 (1964) (stating "When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed estab-

---

3. As N.C. Gen. Stat. § 15A-544.5 requires service of the motion in accordance with N. C. Gen. Stat. § 1A-1, Rule 5, Rule 6, which governs the computation and extension of time, is applicable.

lished unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based. Upon hearing such motion, the burden of proof is upon the party who seeks to set aside the officer's return or the judgment based thereon to establish nonservice as a fact; and, notwithstanding positive evidence of nonservice, *the officer's return* is evidence upon which the court *may* base a finding that service was made as shown by the return.") (citations omitted); *see also Hocke v. Hanyane*, 118 N.C. App. 630, 633, 456 S.E.2d 856, 860 (1995) (stating "the certificate of service itself indicates sufficient compliance with Rule 4 to raise a rebuttable presumption of valid service") (quotation omitted). Thus, the school board could have rebutted the presumption that it was served on 15 October 2002 by providing the trial court with the postmarked envelope indicating the motion was not mailed until 24 October 2002. Upon showing the motion was not mailed until 24 October 2002, the school board would have had thirteen days from 24 October to object to the surety's motion to set aside the bond forfeiture. *See* N.C. Gen. Stat. § 15A-544.5(d)(4) (stating "[i]f neither the district attorney nor the board of education has filed a written objection to the motion by the tenth day after the motion is *served,* the clerk shall enter an order setting aside the forfeiture") (emphasis added).

Second, although the school board argues the surety is effectively denying it an opportunity to object to the surety's motions to set aside bond forfeitures, the school board did not have a basis for objecting in this case. Indeed, N.C. Gen. Stat. § 15A-544.5 requires a bond forfeiture be set aside upon the showing of one of six reasons. In this case, the surety, by surrendering the defendant to the county sheriff within the relevant time period, met one of the six reasons. Thus, the school board did not have a basis for objecting to the surety's motion and was not prejudiced by delay in the mailing of the motion.

Moreover, the school board is not without a remedy against a surety whose certification of service date repeatedly fails to reflect the accurate date upon which the surety mailed or served the school board. Indeed, a surety's failure to follow the procedures set forth in N.C. Gen. Stat. § 15A-544.5 could be addressed by filing a complaint with the Commissioner of Insurance. Under N.C. Gen. Stat. § 58-71-80(a) (2003):

The Commissioner may deny, suspend, revoke, or refuse to renew any license under this Article . . . [w]hen in the judgment

of the Commissioner, the licensee has in the conduct of the licensee's affairs under the license, demonstrated incompetency, financial irresponsibility, or untrustworthiness; or that the licensee is no longer in good faith carrying on the bail bond business; or that the licensee is guilty of rebating, or offering to rebate, or offering to divide the premiums received for the bond.

As N.C. Gen. Stat. § 58-71-35 specifically references Article 26 of Chapter 15A (Bail) as the provision governing bail forfeiture and remittance, the surety's failure to adhere to those procedures in good faith could form the basis for the denial, suspension, revocation or refusal to renew a surety's license by the Commissioner of Insurance.

Finally, notwithstanding the majority's concern that relief from a final judgment of forfeiture may place a burden upon school boards, precedent indicates the impact upon school boards is not to be considered in determining whether extraordinary circumstances have been demonstrated and cannot be a basis for denying a motion for relief from a judgment of forfeiture. As stated in *State v. Lanier*, "[t]he school board, as the trial judge observed, may indeed need the funds more than the surety. However, this is not the test. . . . The required test is whether "extraordinary cause" is shown. *State v. Lanier*, 93 N.C. App. 779, 781, 379 S.E.2d 109, 110-11 (1989).

In sum, the trial court's decision is reviewed for an abuse of discretion. N.C. Gen. Stat. § 15A-544.8(b)(2) (2001); *see also State v. McCarn*, 151 N.C. App. 742, 745, 566 S.E.2d 751, 753 (2002). "An abuse of discretion results when an act is not done according to reason or judgment, but depending upon the will alone and done without reason." *McCarn*, 151 N.C. App. at 745, 566 S.E.2d at 753 (quotations omitted). In my opinion, the trial court's decision was without reason because: (1) precedent indicates extraordinary cause was shown; (2) the board of education did not have any basis for objecting to McQueen's motion to set aside the bond forfeiture; (3) the school board could have moved for additional time in which to respond, as the certificate of service only raises a presumption of service, and in this case the school board could rebut the presumption by demonstrating service occurred on a different date; (4) there are other means by which the school board can address the surety's noncompliance with statute; and (5) the burden upon school boards is not a part of the extraordinary cause test.