STATE OF NORTH CAROLINA v. MARTINEZ TERRELL FISHER, DEFENDANT, AND ROBERT L. McQUEEN, SURETY

No. COA03-1117

(Filed 21 September 2004)

**Bail and Pretrial Release— bond forfeiture—motion for relief from final judgment**

 The trial court did not err by denying a surety's motion for relief from final judgment of bond forfeiture under N.C.G.S. § 15A-544.5 based on the reasoning set forth under *State v. Evans,* N.C. App. (Sept. 21, 2004) (No. COA03-1114).

 Judge WYNN dissenting.

Appeal by surety from order entered 10 March 2003 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 25 May 2004.

*David Phillips, for the Cumberland County Board of Education.*

*Parish & Cooke, by James R. Parish, for the surety.*

CALABRIA, Judge.

Robert L. McQueen ("McQueen") appeals the trial court's denial of his motion for relief from final judgment of bond forfeiture. We affirm.

STATE v. FISHER

[166 N.C. App. 510 (2004)]

On 18 October 2001, Martinez Terrell Fisher ("the defendant") was arrested and charged with possession with intent to sell and deliver marijuana and cocaine (01 CRS 63255). The defendant's bond was $2,500.00, which was posted on 19 October 2001 by McQueen. On 3 June 2002, the defendant failed to appear, and the bond was ordered forfeited on the same date with a final judgment date of 4 November 2002. McQueen received appropriate notice.

On 15 July 2002, the defendant pled guilty pursuant to a plea agreement. Based upon the defendant's plea, on 8 October 2002, McQueen filed a *pro se* motion to set aside the bond forfeiture pursuant to N.C. Gen. Stat. § 15A-544.5 as all the charges for which the defendant was bonded to appear had been finally disposed of by the court other than by the State taking a dismissal with leave. McQueen indicated he served a copy of the motion on the district attorney and the school board attorney by mailing a copy to each by first class mail on 8 October 2002. However, McQueen did not mail a copy of the motion to the school board attorney until 17 October 2002. Based upon the delay in service, the school board requested McQueen's motion to set aside the bond forfeiture be denied.

On 26 November 2002, the trial court denied McQueen's motion indicating "this case is one of nine cases on the Superior Court calendar to be heard on this date and in each case the Cumberland County Board of Education received notice on the 13th day after filing." Thus, the trial court concluded that "the Surety's actions do establish a pattern of conduct that is in fact denying the statutory required period of time for response by the Cumberland County Board of Education." Though the 26 November order was immediately appealable pursuant to N.C. Gen. Stat. § 15A-544.5(h) (2003), McQueen filed no appeal, and the forfeiture became a final judgment. Thereafter, McQueen initiated a new proceeding on 31 January 2003 by filing a motion for relief from final judgment of forfeiture. The trial court denied said motion by order entered 10 March 2003. From this denial, McQueen appeals.

In a related appeal, *State v. Evans*, —— N.C. App. ——, —— S.E.2d —— (Sept. 21, 2004) (No. COA03-1114), we addressed the same issues raised by the parties based upon similar facts. For the reasons stated in *State v. Evans*, we affirm.

Affirmed.

Judge LEVINSON concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

In a related appeal, *State v. Evans*, —— N.C. App. ——, —— S.E.2d —— (2004) (03-1114), filed 21 September 2004, this Court addressed the same issues raised by the parties based upon similar facts. In *Evans*, McQueen had surrendered the defendant to the sheriff prior to the entry of the final judgment of bond forfeiture. In this case, the defendant pled guilty prior to the entry of the final judgment of bond forfeiture. Based upon the defendant's guilty plea, McQueen sought the return of the bond amount. As *Evans* and the case *sub judice* are substantially similar, I respectfully dissent based upon the reasons stated in my dissent in *Evans*. Indeed, the factors for determining whether extraordinary circumstances exist favor McQueen.