STATE v. McFAYDEN

[166 N.C. App. 512 (2004)]

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

————————

STATE OF NORTH CAROLINA v. BILLY LEE McFAYDEN, JR., Defendant, and
ROBERT L. McQUEEN, Surety

No. COA03-1115

(Filed 21 September 2004)

**Bail and Pretrial Release— bond forfeiture—motion for relief from final judgment**

The trial court did not err by denying a surety's motion for relief from final judgment of bond forfeiture under N.C.G.S. § 15A-544.5, even though the surety surrendered defendant to the county sheriff, based on the reasoning set forth under *State v. Evans*, N.C. App. (Sept. 21, 2004) (No. COA03-1114).

Judge WYNN dissenting.

Appeal by surety from order entered 10 March 2003 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 25 May 2004.

*David Phillips, for the Cumberland County Board of Education.*

*Parish & Cooke, by James R. Parish, for the surety.*

STATE v. McFAYDEN

[166 N.C. App. 512 (2004)]

CALABRIA, Judge.

Robert L. McQueen ("McQueen") appeals the trial court's denial of his motion for relief from final judgment of bond forfeiture. We affirm.

On 7 March 2002, Billy Lee McFayden, Jr. ("the defendant") was arrested and charged with trafficking in cocaine (02 CRS 52224) and two counts of possession with intent to sell and deliver and the sale and delivery of cocaine (02 CRS 52225 and 02 CRS 52226). A bond of $20,000.00 was imposed in 02 CRS 52224 and 02 CRS 52226, and a bond of $10,000.00 was set in 02 CRS 52225. On 8 March 2002, McQueen secured the defendant's release by posting the necessary bonds. On 7 August 2002, the defendant failed to appear, and the bonds were ordered forfeited on the same date with a final judgment date of 16 January 2003. McQueen received appropriate notice.

On 10 October 2002, McQueen surrendered the defendant to the Cumberland County Sheriff. Thereafter, on 15 October 2002, McQueen filed *pro se* motions to set aside the bond forfeitures pursuant to N.C. Gen. Stat. § 15A-544.5 based upon his surrender of the defendant to the county sheriff. McQueen indicated he served a copy of the motions on the district attorney and the school board attorney by mailing copies to each by first class mail on 15 October 2002. However, McQueen did not mail copies of the motions to the school board attorney until 24 October 2002. Based upon the delay in service, the school board requested McQueen's motions to set aside the bond forfeitures be denied.

On 26 November 2002, the trial court denied McQueen's motions, indicating "this case is one of nine cases on the Superior Court calendar to be heard on this date and in each case the Cumberland County Board of Education received notice on the 13th day after filing." Thus, the trial court concluded that "the Surety's actions do establish a pattern of conduct that is in fact denying the statutory required period of time for response by the Cumberland County Board of Education." Though the 26 November orders were immediately appealable pursuant to N.C. Gen. Stat. § 15A-544.5(h) (2003), McQueen filed no appeal, and the forfeitures became final judgments. Thereafter, McQueen initiated a new proceeding on 31 January 2003 by filing a motion for relief from final judgment of forfeiture. The trial court denied said motion by order entered 10 March 2003. From this denial, McQueen appeals.

STATE v. McFAYDEN

[166 N.C. App. 512 (2004)]

In a related appeal, *State v. Evans*, —— N.C. App. ——, —— S.E.2d —— (Sept. 21, 2004) (No. COA03-1114), we addressed the same issues raised by the parties based upon similar facts. For the reasons stated in *State v. Evans*, we affirm.

Affirmed.

Judge LEVINSON concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

In a related appeal, *State v. Evans*, —— N.C. App. ——, —— S.E.2d —— (2004) (03-1114), filed 21 September 2004, this Court addressed the same issues raised by the parties based upon similar facts. For the reasons stated in my dissent in *Evans*, I respectfully dissent.