STATE OF NORTH CAROLINA v. ROGER VIKRE

No. 872SC35

(Filed 16 June 1987)

**Arrest and Bail § 11.4— forfeiture of bail bond — petition to remit judgment — no extraordinary cause shown**

The trial court did not err by denying a petition to remit judgment upon forfeiture of bail bonds where the applicable statute was N.C.G.S. § 15A-544(h), which requires extraordinary cause shown; all of the sureties were professional bondsmen; the sureties were aware that Vikre was a resident of Texas, employed as a pilot, and sometimes traveled outside the U.S.; it was entirely foreseeable and not necessarily extraordinary that they incurred expenses to locate Vikre; their efforts did not lead to his appearance in Beaufort County; and the fact that Vikre was confined in a Mexican prison at the time of his scheduled appearance was not extraordinary cause providing a legal basis for the remission of judgments because Vikre was prevented from appearing by his own criminal acts rendering him subject to imprisonment pursuant to the criminal laws of another jurisdiction.

APPEAL by sureties from *Phillips, Judge.* Judgment entered 12 September 1986 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 2 June 1987.

On 5 November 1984, the Beaufort County Grand Jury returned a true bill of indictment charging defendant-obligor, Roger Vikre, with one count of conspiracy to traffic in excess of 10,000 pounds of marijuana and one count of trafficking in marijuana by possessing, transporting and delivering in excess of 10,000 pounds of that substance. On 15 January 1985, Vikre executed, as principal, an appearance bond in the amount of $100,000.00 which was

secured by the following sureties who executed bonds in the following amounts:

| | |
|---|---|
| Sherrill David Beasley | $15,000.00 |
| Linda Chasten | 13,000.00 |
| Walter Cline | 15,000.00 |
| William A. Glenn | 37,000.00 |
| William Riddick | 5,000.00 |
| James C. Ridoutt | 10,000.00 |
| Curt Robinson | 5,000.00 |

Defendant was released from custody pending his trial.

Vikre's case was set for trial in Beaufort County Superior Court on 24 June 1985. He failed to appear in court on that date and, as a consequence, Judge John B. Lewis, Jr. ordered forfeiture of the appearance bonds executed by Vikre and by the above-named sureties. The order of forfeiture was served upon each surety.

The sureties subsequently moved to set aside the orders of forfeiture. After a hearing, Judge Herbert Small denied the motions and, on 10 April 1986, entered judgment against each surety for the full amount of the bond executed by that surety. No appeal was taken from that judgment.

On 9 July 1986, the sureties filed a "Petition to Remit Judgment upon Forfeiture." The matter was heard at the 25 August 1986 Session of the Beaufort County Superior Court by Judge Herbert O. Phillips, III. The sureties offered evidence tending to show that on 24 June 1985, when his case was called for trial, Vikre was incarcerated at the State Penitentiary Center in San Luis Potosi, Mexico, having been sentenced to a term of five and one-half years for an offense committed after his pretrial release in Beaufort County. The sureties also offered evidence that one surety and an agent for another had traveled to Texas and Mexico in order to locate Vikre, incurring substantial expenses, and that all of the sureties were willing to reimburse the State for the costs of Vikre's extradition upon his release from Mexican custody. At the conclusion of the hearing, Judge Phillips found facts and concluded that the sureties had not shown extraordinary cause justifying remission of the judgments of forfeiture. From an order denying their petition, the sureties appeal.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General G. Patrick Murphy, for the State.*

*Purser, Cheshire, Parker & Hughes, by Joseph B. Cheshire V and Gordon Widenhouse, for sureties-appellants.*

MARTIN, Judge.

The judgments of forfeiture entered by Judge Small on 10 April 1986 were not remitted within the time period prescribed by G.S. 15A-544(e) and executions were issued as required by G.S. 15A-544(f). Therefore, the statute applicable to the sureties' petition for remission of the judgments is G.S. 15A-544(h). *State v. Rakina and State v. Zofira,* 49 N.C. App. 537, 272 S.E. 2d 3 (1980), *disc. rev. denied,* 302 N.C. 221, 277 S.E. 2d 70 (1981). G.S. 15A-544(h), in pertinent part, provides:

> For extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate.

The statute authorizes the court to exercise its discretion to remit a judgment of forfeiture, either in whole or in part, only upon a showing of "extraordinary cause." *State v. Rakina and State v. Zofira, supra.* Appellant sureties initially contend that, in light of the evidence of their considerable efforts to locate defendant Vikre and the impossibility of his immediate return to this State because of his incarceration in Mexico, the trial court erred as a matter of law in its conclusion that they had failed to demonstrate extraordinary cause. We disagree.

The term "extraordinary cause," as used in G.S. 15A-544(h), is not defined by the statute. In the absence of some indication to the contrary, we must presume that the Legislature intended the words to be given their usual meaning. *Lafayette Transportation Service v. County of Robeson,* 283 N.C. 494, 196 S.E. 2d 770 (1973). "Extraordinary" is defined as "going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee." Webster's Third New International Dictionary (1968).

State v. Vikre

From the record and transcript of the hearings, it appears that all of the sureties are professional bondsmen, licensed pursuant to Chapter 85C of the General Statutes. It also appears that defendant Vikre was a resident of Texas and was employed as a pilot, sometimes traveling outside the United States in connection with his employment, and that these facts were known to the sureties at the time they executed the bonds securing Vikre's appearance in court. It was entirely foreseeable, then, that the sureties would be required to expend considerable efforts and money to locate Vikre in the event he failed to appear. The fact that the sureties incurred expenses in connection with the forfeiture does not necessarily constitute extraordinary cause. *See State v. Rakina and State v. Zofira, supra.* Moreover, the efforts made by the sureties in the present case did not lead to Vikre's appearance in Beaufort County Superior Court, the primary goal of the bonds. *See State v. Locklear,* 42 N.C. App. 486, 256 S.E. 2d 830, *appeal dismissed,* 298 N.C. 302, 259 S.E. 2d 303 (1979). Thus, we cannot say, as a matter of law, that the sureties' evidence conclusively demonstrates extraordinary cause justifying remission of the bonds or that the trial court's determination to the contrary was error.

Appellant sureties also contend that the fact that defendant Vikre was confined in a Mexican prison at the time of his scheduled court appearance was extraordinary cause excusing their failure to produce Vikre and providing a legal basis for the remission of the judgments of forfeiture. We find no merit in this contention.

The purpose of a bail bond is to secure the appearance of the principal in court as required. G.S. 15A-531(1); *State v. Jones,* 295 N.C. 345, 245 S.E. 2d 711 (1978). A surety on a bail bond is primarily liable with the principal for the amount of the bond upon forfeiture. G.S. 15A-531(4); *Tar Heel Bond Company v. Krider,* 218 N.C. 361, 11 S.E. 2d 291 (1940). The sureties become custodians of the principal and are responsible for the bond if the principal fails to appear in court when required. "The bail have their principal on a string, and may pull the string whenever they please, and render him in their discharge." *Taylor v. Taintor,* 83 U.S. (16 Wall.) 366, 371-72, 21 L.Ed. 287, 290 (1873), quoting Anonymous, 6 Mod., 231. "By recognizance of bail in a criminal action the principal is, in the theory of the law, committed to the custody of the

surety." *State v. Eller*, 218 N.C. 365, 367, 11 S.E. 2d 295, 296 (1940). Thus, when the sureties entered into the conditions of the bail bonds on behalf of defendant Vikre, he was released into their custody and they became responsible for his appearance in Beaufort County Superior Court as required. *See State v. Pelley*, 222 N.C. 684, 24 S.E. 2d 635 (1943).

In *Pelley*, our Supreme Court held that a defendant's imprisonment in another jurisdiction for offenses committed after he and his sureties executed a bond securing his appearance in a court of this State did not release the sureties from liability on the bond.

> It matters not whether Pelley left the jurisdiction of this State with or without the permission of his sureties, he was entrusted to their custody. His conduct while in their custody set in motion the machinery of the law in other jurisdictions which made his appearance in Buncombe County, N.C., on 27 July, 1942, impossible. Had Pelley not committed the offenses for which he was tried and convicted in Indiana, and for which he is now imprisoned, he doubtless could have answered to the call of the Superior Court in Buncombe County, N.C., at the proper time. He alone is responsible for his inability to appear in the North Carolina court at the time required in his bail bond. He cannot avail himself of his own wrong and thereby escape the penalty of his bond; and, as stated in *Taylor v. Taintor, supra*, "What will not avail him, cannot avail his sureties."

> . . . .

> It is indeed unfortunate for the appealing surety herein, but, when she executed the bail bond for Pelley, she undertook to answer for one who by his own conduct prevented the fulfillment of his obligation. For his default she obligated herself to pay the penalty in the bond.

*Id.* at 692-93, 24 S.E. 2d at 640-41.

As was the case in *Pelley*, the facts shown by the sureties in the present case establish that Vikre was prevented from appearing in Beaufort County Superior Court by reason of his own criminal acts rendering him subject to imprisonment pursuant to the criminal laws of another jurisdiction. These facts would not ex-

cuse Vikre from appearing and, the liability of the sureties being correspondent with that of their principal, will afford no excuse to the sureties for his failure to appear. The Order of the Superior Court denying the Petition to Remit Judgment upon Forfeiture is affirmed.

Affirmed.

Judges BECTON and COZORT concur.