STATE OF NORTH CAROLINA v. EBERARDO LOPEZ, DEFENDANT, AND
AEGIS SECURITY INSURANCE COMPANY, SURETY

No. COA04-565

(Filed 19 April 2005)

**1. Bail and Pretrial Release— bond forfeiture—sufficiency of notice**

The trial court did not abuse its discretion by denying the surety's motion to vacate the judgment on 2 December 2003 regarding a bond forfeiture based on alleged insufficient notice, because: (1) N.C.G.S. § 15A-544.4 provides that notice is effective when mailed as long as the other requirements are met, and appellee introduced the bond forfeiture notice with the certificate of mailing showing it was mailed within the required time period and to the correct parties and addresses; (2) official actions by public officers in North Carolina are accorded the presumption of regularity, including the actions of clerks of court; and (3) although the surety introduced evidence that it did not receive notice, this did not compel the court to decide in favor of the surety, but merely created a factual issue for the court to resolve.

**2. Appeal and Error— preservation of issues—failure to argue—failure to cite authority**

Although the surety contends the trial court erred in a bond forfeiture case when it failed to make a factual finding regarding whether the program administrator for the surety received notice of the bond forfeiture, this argument is deemed abandoned, because: (1) the surety cites no cases in support of this argument; and (2) in this portion of the brief, the surety does not argue the point made in the assignment of error, but instead again argues that there was inadequate notice and a denial of due process.

Appeal by the Surety from Order entered 5 January 2004 by Judge Kenneth C. Titus in Alamance County Superior Court. Heard in the Court of Appeals 12 January 2005.

STATE v. LOPEZ

[169 N.C. App. 816 (2005)]

*Ridge & Holley, by David K. Holley, for appellee Alamance-Burlington Board of Education.*

*Andresen & Vann, by Kenneth P. Andresen and Christopher M. Vann, for the surety appellant.*

HUDSON, Judge.

After Surety/Appellant ("the Surety") posted a $500,000 secured bond for defendant Lopez for his arrest on drug offenses in June 2002, Lopez failed to appear for his court date on 17 December 2002. The superior court entered a bond forfeiture notice to the Surety and the State subsequently dismissed the charges against defendant, with leave, because it believed defendant could not be readily found. Because defendant was not produced for the court nor surrendered by the Surety, and the Surety did not move to set aside the forfeiture within the time allowed by law, the forfeiture became a judgment against the Surety on 9 June 2003. The Surety filed a motion to vacate the judgment on 2 December 2003, which the trial court denied on 5 January 2004 after an evidentiary hearing. The Surety appealed. For the reasons discussed below, we affirm.

The Surety moved to vacate on the grounds that it did not receive notice of bond forfeiture. At the hearing, Ms. Kelly Fitzpatrick, an assistant risk manager with Capital Bonding (the program administrator for the Surety), testified that her company never received notice regarding bond forfeiture for defendant Lopez. Ms. Fitzpatrick testified that her department receives all forfeiture notices for Capital Bonding, that she opens all of this mail, and then enters forfeiture notices into the company's computer system, changing defendants' status in the system from "active" to "forfeiture." She also stated that Capital Bonding maintains two files for each defendant, a risk management and an agent file, and a copy of the forfeiture notice is placed in each.

Here, after the Department of Insurance informed Ms. Fitzpatrick that the bond forfeiture for Lopez had become a final judgment, ripe for collection, she checked Lopez's status in the computer system and saw it had not been changed from "active" to "forfeiture." She then checked the risk management and agent files and found no notice of forfeiture in either of them. When presented with the bond forfeiture notice from Lopez's court file, Ms. Fitzpatrick testified that she had not seen it before. She also stated that Capital Bonding had not lost a forfeiture notice during her four-and-a-half-year tenure with them.

At the hearing, an attorney for the Alamance County Board of Education ("Board") appeared, insofar as the Board is the ultimate recipient of the forfeited bond, per N.C. Gen. Stat. § 115C-457.2 (2003). The Board presented no evidence other than the forfeiture notice in the court file. The forfeiture notice includes a "Certificate of Service" section at the end of the form, which was completed by Debbie Harrison of the Alamance County Clerk of Superior Court's Office. Ms. Harrison's name appears in the signature box following the statement: "I certify that on this date I gave notice of the above Forfeiture to the defendant and each surety named above by mailing a copy of this Notice by first class mail, to each person at the address of record shown above." Next to Ms. Harrison's name, 10 January 2003 appears as the "Date Notice Given."

**[1]** The Surety first contends that the trial court erred in denying its motion to vacate because there was no evidence that Capital Bonding received the notice of forfeiture as required by statute. A trial court may set aside a judgment of forfeiture if "[t]he person seeking relief was not given notice as provided in G.S. 15A-544.4," or if "[o]ther extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief." N.C. Gen Stat. § 15A-544.8 (b) (2003). Here, the Surety argues that because it presented evidence that it did not receive notice, it was entitled to relief per N.C. Gen Stat. § 15A-544.8 (b). We disagree.

N.C. Gen Stat. § 15A-544.4 (2003) defines how notice of forfeiture must be given:

(a) The court shall give notice of the entry of forfeiture by <u>mailing a copy</u> of the forfeiture to the defendant and to each surety whose name appears on the bail bond.

(b) The notice <u>shall be sent by first-class mail</u> to the defendant and to each surety named on the bond at the surety's address of record.

. . . .

(d) Notice given under this section <u>is effective when the notice is mailed</u>.

(e) Notice under this section shall be <u>mailed</u> not later than the thirtieth day after the date on which the forfeiture is entered . . .

*Idi.* (emphasis added). The Surety argues that here there was clear, uncontradicted evidence that Capital Bonding did not receive notice.

STATE v. LOPEZ

[169 N.C. App. 816 (2005)]

However, this argument ignores the plain language of the statute, which says that notice is effective when mailed, as long as the other requirements are met. At the hearing, appellee introduced the bond forfeiture notice, with the certificate of mailing showing it was mailed within the required time period and to the correct parties and addresses.

Official actions by public officers in North Carolina are accorded the presumption of regularity, including the actions of clerks of court. *Town of Winton v. Scott,* 80 N.C. App. 409, 415, 342 S.E.2d 560, 564 (1986); *Henderson County v. Osteen,* 297 N.C. 113, 118, 254 S.E.2d 160, 163 (1979). However, the presumption of regularity of official acts is rebuttable. *Id.* "Evidence of nonreceipt of the letter by the addressee . . . is *some evidence* that the letter was not mailed and raises a question of fact for the trier of fact." *Wilson v. Claude J. Welch Builders Corp.,* 115 N.C. App. 384, 386, 444 S.E.2d 628, 629 (1994) (internal citation omitted, emphasis added). Although the Surety put on evidence that it did not receive notice, this did not compel a finding in favor of the Surety, but rather, was "some evidence" which created an issue of fact for the court. As the trier of fact, the court weighs the evidence and finds the facts, and its order is conclusive on appeal if there is any evidence to support it. *Lumbee River Elec. Membership Corp. v. City of Fayetteville,* 309 N.C. 726, 741, 309 S.E.2d 209, 218-19 (1983). We conclude that the certificate of service offered was sufficient evidence here to support the court's order.

The Surety cites cases from other jurisdictions for the proposition that the State bears the burden of proving compliance with the forfeiture statutes. However, our Supreme Court has held that because of the presumption of regularity, the party attacking the validity of notice bears the burden of proof. *See Henderson,* 297 N.C. at 118, 254 S.E.2d at 163. Again, although the Surety introduced evidence that it did not receive notice, this did not compel the court to decide in favor of the Surety, but merely created a factual issue for the court to resolve.

Furthermore, whether to grant relief pursuant to N.C. Gen. Stat. § 15A-544.8 is entirely within the discretion of the court:

(b) The court may grant the defendant or any surety named in the judgment relief from the judgment, for the following reasons, and none other:

(1) The person seeking relief was not given notice as provided in G.S. 15A-544.4.

    (2) Other extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief.

*Id.* (emphasis added). This Court has held that this language, which also appeared in the predecessor statute (N.C. Gen. Stat. § 15A-544 (e) and (h)), requires that we review such decisions for abuse of discretion. *State v. Horne*, 68 N.C. App. 480, 483, 315 S.E.2d 321, 323 (1984). We conclude that the trial court here did not abuse its discretion in deciding not to grant relief to the Surety.

**[2]** In its final assignment of error, the Surety contends that the trial court erred when it failed to make a factual finding regarding whether Capital Bonding received notice of the bond forfeiture and requests that we remand the matter for a factual finding. The Surety cites no cases in support of this argument and, in this portion of its brief, does not argue the point made in this assignment of error, but instead again argues that there was inadequate notice, and that this was a denial of due process. "Issues raised in defendant's brief, but not supported by argument or authority, are deemed abandoned." *Pharmaresearch Corp. v. Mash*, 163 N.C. App. 419, 428, 594 S.E.2d 148, 154 (2003) (citing N.C.R. App. P. 28(b)(6)). Thus, the Surety's argument here is deemed abandoned.

Affirmed.

Judges TIMMONS-GOODSON and STEELMAN concur.