STATE OF NORTH CAROLINA AND THE JOHNSTON COUNTY BOARD OF EDUCA-
TION v. ANTON DANIEL EDWARDS, DEFENDANT, AND AEGIS SECURITY INSUR-
ANCE CO., SURETY

No. COA04-1387

(Filed 16 August 2005)

1. **Bail and Pretrial Release— failure to appear—relief from
   forfeiture—no extraordinary circumstance**

   The trial court did not abuse its discretion by denying surety's
   motion under N.C.G.S. § 15A-544.8 for relief from final judgment
   of a bond forfeiture based on the conclusion that no extraordi-
   nary circumstances existed to grant relief, because: (1) the trial
   court is not required to set aside a judgment of forfeiture where
   the surety surrenders defendant; (2) in authorizing the trial court
   to set aside final judgments of forfeiture in limited circum-
   stances, the General Assembly did not expressly provide that a
   surety's efforts which result in the capture and return of defend-
   ant always constitute extraordinary circumstances, but instead
   mandated that before a final judgment of forfeiture has been
   entered it shall be set aside where defendant is surrendered; (3)
   defendant had not been surrendered by the surety prior to the
   final judgment of forfeiture entered 29 December 2003, but
   instead defendant was apprehended by surety's agents and sur-
   rendered to the sheriff's department on 14 April 2004; (4) surety
   presented no evidence of any efforts by its agents to secure the
   presence of defendant in court on 2 July 2003, but instead pre-
   sented evidence of efforts to apprehend defendant following
   receipt of the notice of forfeiture; and (5) assuming arguendo that
   surety's efforts to apprehend defendant could be characterized as
   diligent, diligence alone will not constitute extraordinary circum-
   stances since due diligence by a surety is expected.

**2. Bail and Pretrial Release— failure to appear—relief from forfeiture—findings of fact**

The trial court did not err by denying surety's motion to set aside the judgment of forfeiture of a bond based on the trial court's failure to set forth findings of fact enumerated in *State v. Coronel*, 145 N.C. App. 237 (2001), because that case is not controlling when many of the considerations in that case relate to cases where the accused has died.

Judge HUNTER concurring.

Appeal by surety from order entered 20 May 2004 by Judge Knox V. Jenkins in Johnston County Superior Court. Heard in the Court of Appeals 7 June 2005.

*Daughtry, Woodard, Lawrence & Starling, by James R. Lawrence, Jr. and Woodruff, Reece & Fortner, by Gordon C. Woodruff and Michael J. Reece, for Johnston County Board of Education.*

*Andresen & Vann, by Kenneth P. Andresen and Christopher M. Vann, for surety appellant.*

LEVINSON, Judge.

Aegis Security Insurance Co. (surety) appeals from an order entered 20 May 2004 denying its motion for relief from final judgment of forfeiture. We affirm.

On 8 July 2002 defendant was indicted by a grand jury for feloniously transporting marijuana in violation of N.C.G.S. § 90-95(h)(1). On 30 June 2003 surety posted defendant's bond to secure his release. Defendant failed to appear in court 2 July 2003. Notice of bond forfeiture was mailed to surety 1 August 2003. The final judgment of forfeiture was entered 29 December 2003. On 14 April 2004 surety surrendered defendant to the Johnston County Sheriff's Department and, on 19 April 2004, filed a motion under N.C.G.S. § 15A-544.8 for relief from final judgment of forfeiture.

The evidence presented at the hearing is summarized as follows: Surety presented two affidavits of its agent, Timothy Fitzpatrick. According to Fitzpatrick, he received the notice of forfeiture on or about 6 August 2003 and began making inquiries to determine defendant's whereabouts. Fitzpatrick ran a computer check of the Johnston County jail records and spoke with the Johnston County Clerk of

Court by telephone. He mailed correspondence on 7 August 2003 alerting "all indemnitors" that defendant failed to appear in court. Fitzpatrick attempted to locate defendant by searching credit records and checking telephone numbers. Fiztpatrick also worked with two outside recovery agents. In January 2004 Fitzpatrick discovered the address of defendant's mother. In April 2004 a recovery agent learned defendant was staying with his mother and apprehended him in her home. Defendant was returned to the custody of the Johnston County Sheriff's Department on 14 April 2004. Fitzpatrick affirmed that monies were expended in efforts to apprehend defendant, including payments made to the recovery agent and payments for attorneys fees.

On 20 May 2004 the trial court entered an order denying surety's motion for relief from final judgment. The order included, in pertinent part, the following findings of fact:

12. That there was no evidence, except speculation and argument of counsel as to the amount of the fees paid by the surety or what they specifically went to pursuant to apprehending the defendant.

13. That there was no evidence presented by affidavit or present in the file as to what steps the surety took in maintaining contact with the defendant while he was out on bond pending his court appearance in Johnston County, nor was there any evidence presented as to what actions the surety took himself to secure the defendant['s] appearance in court prior to July 2, 2003.

14. That the only evidence of the defendant['s] whereabouts in the file was noted on the bond forfeiture notice that gave the name and mailing address of the defendant as 487 St. Johns Place, 313, Brooklyn, NY, 11238.

15. That no where [sic] in the petitioner['s] motion for relief from judgment was there any allegation of extraordinary circumstance under the statute to justify remission of the said bond.

16. That no witnesses were presented by the petitioner as to any fact or circumstance that would exhibit extraordinary circumstance under North Carolina General Statute 15A-544.8 that would entitle the petitioner to relief.

17. That the court finds as a fact that the defendant was not produced by the surety between July 2, 2003 and December 29, 2003 by surrender or any other means to justify remission prior to a final judgment being entered.

18. That any acts or actions by the petitioner/surety or any of its agents after notice of the Order of Forfeiture were taken or initiated in the course of his duties as a professional bondsman, and that no extraordinary circumstance or efforts were made by the surety that in the court['s] discretion would justify extraordinary circumstances and entitle the surety for remission of the said bond.

19. That after hearing all the arguments of counsel, reviewing case law, and applicable statutes submitted by the parties and after reviewing all documents and evidence presented by the petitioner the court finds no extraordinary circumstances have been presented before the court to justify remission of the said bond.

Based upon these findings, the trial court made the following pertinent conclusion of law:

4. That the Petitioner has failed to show by credible evidence that extraordinary circumstance exists for remission of the bond pursuant to [N.C.G.S. §] 15A-544.8 heretofore paid into the office of the Clerk of Superior Court of Johnston County, and the Court further concludes that notice of the said forfeiture was properly given by the Clerk's Office of the said County with no prejudice to the Petitioners.

From this order, surety appeals.

---

[1] On appeal, surety first argues that the trial court erred by concluding that no extraordinary circumstances existed to grant relief from the final judgment of forfeiture pursuant to N.C.G.S. § 15A-544.8 (2003). Surety contends that, where defendant is apprehended and surrendered by surety's agents, this constitutes "extraordinary circumstances" under G.S. § 15A-544.8 as a matter of law. We disagree.

G.S. § 15A-544.8 provides:

(a) Relief Exclusive.—There is no relief from a final judgment of forfeiture except as provided in this section.

(b) Reasons.—The court may grant the defendant or any surety named in the judgment relief from the judgment, for the following reasons, and none other:

> (1) The person seeking relief was not given notice as provided in G.S. 15A-544.4.

> (2) Other extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief.

" 'Extraordinary circumstances' in the context of bond forfeiture has been defined as 'going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee.' " *State v. Gonzalez-Fernandez*, 170 N.C. App. 45, 49, 612 S.E.2d 148, 152 (2005) (quoting *State v. Vikre*, 86 N.C. App. 196, 198, 356 S.E.2d 802, 804 (1987)). Whether the evidence presented rises to the level of showing extraordinary cause, or, under the present statute, extraordinary circumstances, "is a heavily fact-based inquiry" and "should be reviewed on a case by case basis." *State v. Coronel*, 145 N.C. App. 237, 244, 550 S.E.2d 561, 566 (2001). "[W]hether to grant relief pursuant to N.C. Gen. Stat. § 15A-544.8 is entirely within the discretion of the court[.]" *State v. Lopez*, 169 N.C. App. 816, 819, 611 S.E.2d 197, 199 (2005). Therefore, we review the decision of the trial court only for abuse of discretion. *See id.* Abuse of discretion occurs when an act is " 'not done according to reason or judgment, but depending upon the will alone' and 'done without reason.' " *Dare County Bd. of Education v. Sakaria*, 118 N.C. App. 609, 615, 456 S.E.2d 842, 846 (1995) (quoting *In re Housing Authority*, 235 N.C. 463, 468, 70 S.E.2d 500, 503 (1952)).

Relying heavily on this Court's opinions in *State v. Locklear*, 42 N.C. App. 486, 256 S.E.2d 830 (1979), *State v. Fonville*, 72 N.C. App. 527, 325 S.E.2d 258 (1985), and the dissenting opinion in *State v. Evans*, 166 N.C. App. 432, 601 S.E.2d 877 (2004) (Wynn, J.), surety repeatedly states that "the efforts of a surety which result in the capture and return of the defendant on the charge for which the bond was secured constitutes extraordinary [circumstances]" and requires the court to grant relief from the forfeiture judgment. However, neither *Fonville* nor *Locklear* supports surety's argument on appeal that the trial court must set aside a judgment of forfeiture where the surety surrenders the defendant. Moreover, this Court's majority opinion in *Evans* has now been affirmed by our Supreme Court. *State*

*v. Evans*, 359 N.C. 404, 610 S.E.2d 198 (2005). We agree with appellee that "the common thread linking . . . this Court's prior rulings . . . is the great deference given to the findings of the trial court, rather than the establishment of a principle that return of the defendant constitutes extraordinary cause or extraordinary circumstances as a matter of law."

Furthermore, the relevant statutes themselves do not support surety's argument on appeal. In authorizing the trial court to set aside final judgments of forfeitures in limited circumstances, *see* G.S. § 15A-544.8(b), the General Assembly did not expressly provide that a surety's efforts, which result in the capture and return of the defendant, always constitute "extraordinary circumstances." In contrast, the legislature mandated that, before a final judgment of forfeiture has been entered, a forfeiture "shall" be set aside where the defendant is surrendered. *See* G.S. § 15A-544.5(b)(3). We can safely infer, then, that the legislature consciously chose, in adopting more stringent requirements for setting aside final judgments of forfeiture, that one's surrender of the accused would not, as a matter of law, constitute a basis upon which judgments would automatically be set aside. As we stated in *Evans*, "[a]ccepting [surety's] argument would be tantamount to holding that the trial court, as a matter of law, abuses its discretion by failing to equate the statutory criteria for setting aside a forfeiture listed in N.C. Gen. Stat. § 15A-544.5(b)(1-6) (2003), with 'extraordinary circumstances' for purposes of obtaining relief from final judgment under N.C. Gen. Stat. § 15A-544.8(b)(2)." *Evans*, 166 N.C. App. at 434, 601 S.E.2d at 878.

We next turn to an application of the foregoing legal principles to the facts of this case. Defendant did not appear in court 2 July 2003. Defendant had not been surrendered by surety prior to the final judgment of forfeiture entered 29 December 2003. Defendant was apprehended by surety's agents and surrendered to Johnston County Sheriff's Department on 14 April 2004. Surety presented no evidence of any efforts by its agents to secure the presence of defendant in court on 2 July 2003. Surety did present evidence, in the form of affidavits of its agent Timothy Fitzpatrick, of efforts made on its behalf to apprehend defendant following receipt of the notice of forfeiture. According to Fitzpatrick, he made telephone calls, performed computer searches, sent letters, and coordinated his search with other recovery agents. One of the recovery agents eventually apprehended defendant at defendant's mother's residence in Brooklyn, N.Y., in April 2004, and returned him to North Carolina. Notwithstanding

these efforts, the trial court, as detailed in its order, did not view surety's lackluster efforts as those fitting within the "extraordinary circumstances" contemplated by G.S. § 15A-544.8(b)(2). Assuming *arguendo* that surety's efforts to apprehend defendant could be characterized as diligent, "we caution that diligence alone will not constitute 'extraordinary [circumstances],' for due diligence by a surety is expected." *Coronel*, 145 N.C. App. at 248, 550 S.E.2d at 569.

The trial court did not abuse its discretion in failing to find that extraordinary circumstances existed to allow surety relief from the judgment of forfeiture. This assignment of error is overruled.

[2] Surety argues next that the trial court's order denying its motion to set aside the judgment of forfeiture must be reversed because the trial court failed to set forth findings of fact regarding the factors enumerated in *Coronel*, 145 N.C. App. at 248, 550 S.E.2d at 569. As many of the considerations discussed in *Coronel* relate to cases wherein the accused has died, we easily reject surety's argument. *See id.* ("The fact of the defendant's death must be weighed against certain factors in determining whether a forfeited bond may be remitted for 'extraordinary cause.' "). Accordingly, *Coronel* is not controlling, and this assignment of error is overruled.

Affirmed.

Judge McGEE concurs.

Judge HUNTER concurs with separate opinion.

HUNTER, Judge, concurring.

I agree with the majority's conclusion that the trial court did not abuse its discretion in failing to find that extraordinary circumstances existed to allow surety relief from the judgment of forfeiture in this case.

However, I write separately to suggest that while our past jurisprudence has not established a requirement that the trial court grant relief from a forfeiture judgment when a surety returns a defendant after the judgment has been entered, such a factor should weigh heavily in the trial court's consideration of extraordinary circumstances which entitle the surety to some relief under N.C. Gen. Stat. § 15A-544.8 (2003).

Our courts have long recognized that "[t]he goal of the bonding system is the production of the defendant[.]" *State v. Locklear*, 42 N.C. App. 486, 489, 256 S.E.2d 830, 832 (1979); *see also State v. Pelley*, 222 N.C. 684, 688, 24 S.E.2d 635, 638 (1943) (stating "[t]he very purpose of the bond was . . . to make the sureties responsible for the appearance of the defendant at the proper time"); *State v. Coronel*, 145 N.C. App. 237, 247, 550 S.E.2d 561, 568 (2001) (stating "the court system's paramount concern is ensuring the return of the criminal defendant for prosecution").

Our system of bail bonds places the surety as custodian of the accused, and provides the surety great discretion in regaining custody in the event an accused escapes from such custody, in order to effectuate the purpose of returning the criminal defendant for prosecution. *See State v. Gonzalez-Fernandez*, 170 N.C. App. 45, 50, 612 S.E.2d 148, 152 (2005) (citation omitted) (stating that a surety " 'may pursue [the accused] into another State; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. . . . It is likened to the rearrest by the sheriff of an escaping prisoner' "). Further, our courts have recognized that "[s]ureties must be assured that if they expend money, time, and effort to recover criminal defendants, they have viable remedies for the return of forfeited bond money." *Coronel*, 145 N.C. App. at 247, 550 S.E.2d at 568. Finally, our courts have stated that recovery efforts which result in the principal's detention need not be dramatic to constitute extraordinary circumstances sufficient to grant relief from a forfeiture judgment. *Locklear*, 42 N.C. App. at 489, 256 S.E.2d at 832.

Given these established principles, a trial court should give great weight to the actual return of the accused into custody in considering relief from a forfeiture judgment, as failure to due so may discourage sureties from continued attempts to apprehend the accused and undermine the paramount concern of ensuring the return of the criminal defendant for prosecution. *Pelley*, 222 N.C. at 688, 24 S.E.2d at 638. Return of the accused into custody within the 150 day period after entry of forfeiture is preferable, as recognized by the automatic set aside of a specific forfeiture for a return to custody in that time period. *See* N.C. Gen. Stat. § 15A-544.5(b)(3) (2003). However, in order to effectuate the "foremost goal of the bond system" to produce the defendant in court in order to stand trial, *Gonzalez-Fernandez*, 170 N.C. App. at 50, 612 S.E.2d at 152, there must be some continued incentive to assure sureties (individuals as well as corporate) that a viable remedy for the return of forfeited bond money exists if they

expend money, time, and effort to recover criminal defendants. *Coronel*, 145 N.C. App. at 247, 550 S.E.2d at 568.