STATE OF NORTH CAROLINA v. WAIL BAKRI, Defendant and HARCO NATIONAL INSURANCE COMPANY, Surety

No. COA06-1331

(Filed 16 October 2007)

**1. Bail and Pretrial Release— findings—surety's offer to pay for extradition**

The trial court addressed the facts as required by N.C.G.S. § 1A-1, Rule 52 in a case in which a bail bond surety moved for relief from forfeit of the bond. A finding by the court concerning

the surety's offer to pay for the extradition of a defendant encompassed the facts which the surety alleged the court had ignored.

**2. Bail and Pretrial Release— bail bond—surety's motion to have bond repaid—denial not an abuse of discretion**

The trial court did not abuse its discretion by denying a surety's motion to have a forfeited bond repaid. It is uncontested that there was a final judgment of forfeiture, and merely offering to pay for extradition hardly constitutes the extraordinary circumstances required for remission of the bond.

Appeal by surety from order entered 11 May 2006 by Judge Knox V. Jenkins in Johnston County Superior Court. Heard in the Court of Appeals 9 May 2007.

*Daughtry, Woodard, Lawrence & Starling, by James R. Lawrence, Jr., and Woodruff, Reece & Fortner, by Gordon C. Woodruff and Michael J. Reece, for the Johnston County Board of Education.*

*Andresen & Associates, by Kenneth P. Andresen, for surety.*

ELMORE, Judge.

On 21 January 2004, Wail Bakri (defendant) was charged with two counts of trafficking in methamphetamine. He posted a $100,000.00 bond, on which Harco National Insurance Company (the surety) acted as surety. Defendant failed to appear for his court date and the bond was therefore forfeited. The forfeiture became final on 15 January 2005.

The surety began a search for defendant, eventually locating him in Florida in November, 2005. The surety's recovery agent requested the local authorities' assistance in apprehending defendant, and on 18 November 2005, the Volusia County Sheriff's Office arrested defendant. However, because defendant had no outstanding North Carolina warrants in the National Crime Information Center (NCIC) database, the Volusia County officials transported defendant to New Jersey, where he did have outstanding warrants. Tim Fitzpatrick, the surety's recovery manager, contacted Ann Kirby, an Assistant District Attorney for Johnston County, and requested that she arrange for defendant's extradition from New Jersey. Although the surety agreed to pay the costs of the extradition, no funds were ever presented to Johnston County.

The Johnston County District Attorney's Office never instituted extradition proceedings, and defendant was eventually sentenced to seven years in New Jersey State prison.

On 17 March 2006, the surety filed a motion for relief from judgment, seeking to have its bond repaid. On 11 May 2006, the trial court entered an order denying the surety's motion. It is from this order that the surety now appeals.

[1] The surety first contends that the trial court's failure to include certain facts in its findings of fact violated Rule 52 of our Rules of Civil Procedure. We disagree.

Rule 52(a) states, in pertinent part:

(a) *Findings.—*

(1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

\*\*\*

(3) If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

N.C. Gen. Stat. § 1A-1, Rule 52 (2005).

In its brief, the surety specifically claims that the trial court "ignored" Fitzpatrick's testimony and affidavit, which stated that Kirby agreed that she would extradite defendant if the surety paid for it and that the surety then agreed to do so. However, in its finding of fact no. 15, the trial court stated, "Timothy Fitzpatrick offered to pay for the extradition of the defendant but no monies were ever tendered to the District Attorney's Office or any other arrangements made for the extradition." We hold that this finding of fact encompasses the facts that the surety alleges the trial court "ignored."

Likewise, the surety's claim that the trial court "ignored" Kirby's testimony is without merit. The surety takes pains to establish that according to Kirby's notes, she and the surety agreed that "surety will pay for extradition." Again, we hold that the trial court did, in fact, address these facts. As we have noted, the trial court specifically stated that despite the alleged agreement as to which party would pay for the extradition, no monies were tendered. Additionally, the trial

court found that despite Kirby's notes, she felt that she did not have a duty to enter defendant's name into the system. The surety's first argument is without merit.

[2] The surety also argues that the trial court abused its discretion in denying the surety's motion because it failed to find that the District Attorney's Office breached a promise to have defendant extradited. The surety claims that this alleged breach constituted "extraordinary circumstances" as required by statute. Even were we to agree that the facts support the surety's claim of breach, this contention would be without merit.

It is uncontested that there was a final judgment of forfeiture of the bond in this case. Accordingly,

[t]he court may grant the defendant or any surety named in the judgment relief from the judgment, for the following reasons, and none other:

(1) The person seeking relief was not given notice as provided in G.S. 15A-544.4.

(2) Other extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief.

N.C. Gen. Stat. § 15A-544.8(b) (2005). The surety assigns no error to the notice it received. It may therefore assert error only as to the trial court's discretionary finding that no extraordinary circumstances existed.

We again note that the trial court addressed the alleged agreement to extradite in its findings of fact, stating, "Timothy Fitzpatrick offered to pay for the extradition of the defendant but no monies were ever tendered to the District Attorney's Office or any other arrangements made for the extradition." It is clear to this Court that an offer to pay for the extradition, by itself, is insufficient to form an agreement. Even assuming that Kirby accepted the offer, which is not clear on the record before this Court, the trial court specifically noted that the surety did not, in fact, tender payment for the extradition. " 'Extraordinary circumstances' in the context of bond forfeiture has been defined as going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee." *State v. Edwards*, 172 N.C. App. 821, 825, 616 S.E.2d 634, 636 (2005) (quotations and citations omitted) (alteration in original).

The surety took on the risk that defendant would not appear in court. He did not. Surety now seeks to transfer that risk to the State based on an alleged agreement. However, merely making an offer to pay for extradition is hardly "extraordinary."

Equally important, we note that the surety has not assigned error to the trial court's finding of fact no. 21, which states "[t]hat nowhere in the [surety's] motion for relief from judgment was there any allegation of extraordinary circumstance under the statute to justify remission of [the] bond." "Findings of fact to which no error is assigned are presumed to be supported by competent evidence and are binding on appeal." *Pascoe v. Pascoe*, 183 N.C. App. 648, 650, 645 S.E.2d 156, 157 (2007) (quotations and citations omitted). Accordingly, we hold that the trial court did not abuse its discretion.

Having conducted a thorough review of the record, we affirm the order of the trial court.

Affirmed.

Judges HUNTER and GEER concur.