STATE OF NORTH CAROLINA v. MIGUEL ANGEL GONZALEZ ESCOBAR A/K/A JUAN JOSE ARBUSTOS-NAVARETTE Defendant, HARCO NATIONAL INSURANCE COMPANY,[1] Surety

No. COA07-397

(Filed 20 November 2007)

**1. Civil Procedure— Rule 52—findings**

Rule 52 does not require a recitation of evidentiary facts, and the trial court fulfilled its obligations when denying a motion for relief from a bail bond forfeiture by making a specific finding that defendant was located by the surety's efforts, but that the District Attorney was ultimately responsible for returning defendant to Union County. The court's findings did not ignore questions of fact that had to be resolved before judgment could be entered.

**2. Rules of Civil Procedure— Rule 52 conclusion—basis in findings**

The trial court did not abuse its discretion by making conclusions on allegedly incomplete findings when denying a motion for relief from a bail bond forfeiture.

**3. Bail and Pretrial Release— relief from bond forfeiture— extraordinary circumstances not shown**

The trial court did not err by concluding that there were no extraordinary circumstances entitling a bail bond surety to relief from a forfeiture judgment where the evidence showed that the surety was aware of defendant's ties to Mexico, failed to verify his bogus social security number, did not stay abreast of defendant's location prior to his court date, and was not responsible for defendant's capture.

Appeal by surety from order entered 16 November 2006 by Judge W. David Lee in Superior Court, Union County. Heard in the Court of Appeals 16 October 2007.

---

1. Harco National Insurance Company is not listed in the caption of the 16 November 2007 order, but is included in the caption here because it is the appellant.

**STATE v. ESCOBAR**

[187 N.C. App. 267 (2007)]

*Kenneth W. Honeycutt, for plaintiff-appellee Union County Board of Education.*

*Andresen & Associates, by Kenneth P. Andresen, for defendant-appellant Harco National Insurance Company.*

WYNN, Judge.

A trial court is not required to recite evidentiary facts in its findings of fact, but is required to make "specific findings on the ultimate facts established by the evidence."[2] Here, a bonding company argues that the trial court erred because it failed to make findings of fact regarding its efforts to locate defendant after he failed to appear at a scheduled court appearance. Because the trial court was not required to make findings of fact specifying the tasks completed by the bonding company, we affirm.

Following Defendant Miguel Angel Gonzalez Escobar's arrest on several counts of trafficking cocaine in violation of N.C. Gen. Stat. § 90-95 (2003), the trial court ultimately set his bond at $250,000. On 27 June 2003, Harco National Insurance Company ("Harco") posted bond for Defendant's release. Defendant failed to appear for a scheduled court appearance on 4 August 2003; consequently, the trial court entered a Notice of Bond Forfeiture and an Order for Defendant's arrest on 14 August 2003.

On 25 November 2003, the Union County District Attorney dismissed the charges against Defendant with leave. The forfeiture became a final judgment on 16 January 2004.

Upon learning of Defendant's failure to appear, Harco, through its agents, engaged in a search to locate him. Harco conducted numerous database searches, monitored residences of Defendant's girlfriend, and contacted various law enforcement officials and relatives of Defendant. Through United States Marshals, Harco learned that Defendant had .been deported to Mexico. Additional research revealed that Defendant had returned illegally to the United States and had been arrested in Tennessee. After talking to one of Defendant's relatives, Harco discovered that Defendant was using the alias Juan Arbustos-Navarette. After comparing photographs and next of kin, Harco concluded that Defendant was located in a detention facility in Blount County, Tennessee.

---

2. *Chemical Realty Corp. v. Home Federal Sav. & Loan Ass'n of Hollywood*, 65 N.C. App. 242, 249, 310 S.E.2d 33, 37 (1983), *disc. review denied*, 310 N.C. 624, 315 S.E.2d 689, *cert. denied*, 469 U.S. 835, 83 L. Ed. 2d 69 (1984).

On 15 March 2005, Harco informed Detective Macki Goodman of the Union County Sheriff's Department that it had located Defendant. On 21 March 2005, Harco sent a letter to Assistant District Attorney Tina Pope seeking her assistance in "filing the necessary extradition process" for Defendant. On 24 March 2005, the Union County District Attorney reinstated the State's case against Defendant. Subsequently, the District Attorney's office contacted the United States Marshal's Office and had a hold placed on Defendant, who was actually in federal custody, but was being held in Blount County.

In August 2006, Defendant was returned to Union County upon a Writ of Habeas Corpus Ad Prosequendum, prepared by Harco's counsel at the court's direction.

On 5 September 2006, Harco filed a Motion for Relief from Judgment, arguing that pursuant to N.C. Gen. Stat. § 15A-544.8 (2005), extraordinary circumstances existed which entitled Harco to the return of its forfeited money. The trial court denied Harco's Motion for Relief from Judgment on 16 November 2006.

On appeal to this Court, Harco argues that the trial court erred by: (I) failing to make findings of fact regarding its efforts to locate Defendant, thereby violating Rule 52 of our Rules of Civil Procedure and (II) making conclusions of law based on incomplete facts.

## I.

**[1]** Harco first contends that the trial court violated Rule 52 of our North Carolina Rules of Civil Procedure because it failed to include determinative facts in its findings of fact. We disagree.

When the trial court sits without a jury, Rule 52 of our Rules of Civil Procedure requires the court to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2005). To meet the requirements of Rule 52:

[T]he trial court must make a specific statement of the facts on which the rights of the parties are to be determined, and those findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment. Rule 52(a)(1) does not require recitation of evidentiary facts, but it does require specific findings on the ultimate facts established by the evidence, admissions and stipulations which are determi-

native of the questions involved in the action and essential to support the conclusions of law reached.

*Chemical Realty Corp. v. Home Federal Sav. & Loan Ass'n.*, 65 N.C. App. 242, 249, 310 S.E.2d 33, 37 (1983) (quotation and citations omitted), *disc. review denied*, 310 N.C. 624, 315 S.E.2d 689, *cert. denied*, 469 U.S. 835, 83 L. Ed. 2d 69 (1984). Where a trial court's findings of fact ignore questions of fact that must be resolved before judgment can be entered, the action should be remanded. *Id.* at 250, 310 S.E.2d at 37. In reviewing a trial court's findings of fact, the "findings are conclusive on appeal if supported by competent evidence." *State v. Coronel*, 145 N.C. App. 237, 250, 550 S.E.2d 561, 570 (2001), *disc. review denied*, 355 N.C. 217, 560 S.E.2d 144 (2002).

Under our bail forfeiture statutes, if a criminal defendant is released on bond and fails to appeal, the court "shall enter a forfeiture for the amount of that bail bond in favor of the State against the defendant and against each surety on the bail bond." N.C. Gen. Stat. § 15A-544.3(a) (2005). The court then mails a copy of the entry of forfeiture to the defendant and each surety on the bond. *Id.* § 15A-544.4. After 150 days from the notice of the forfeiture, the forfeiture becomes a final judgment of forfeiture, provided that there is no motion to set aside the forfeiture pending on that date. *Id.* § 15A-544.6. A defendant or surety is only entitled to relief from a final judgment of forfeiture if "the person seeking relief was not given notice . . ." or "[o]ther extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief." *Id.* § 15A-544.8.

In the context of bond forfeiture, the term "extraordinary circumstances" has been defined as "going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee." *State v. Edwards*, 172 N.C. App. 821, 825, 616 S.E.2d 634, 636, *disc. review denied*, 360 N.C. 69, 623 S.E.2d 776 (2005). Whether the evidence presented rises to the level of extraordinary circumstances is "a heavily fact-based inquiry and therefore, should be reviewed on a case by case basis." *Coronel*, 145 N.C. App. at 244, 550 S.E.2d at 566.

In this case, Harco argues that the trial court failed to make findings of fact regarding its extensive efforts to locate Defendant, which was determinative of the question of extraordinary circum-

stances. The trial court made the following finding of fact regarding Harco's efforts:

4. Efforts of and on behalf of Harco resulted in locating Escobar in the penal system of another jurisdiction, but did not result in the apprehension or capture of Escobar by authorities in that jurisdiction. . . . Escobar's return to this jurisdiction is by writ based upon the continuing efforts of the District Attorney to prosecute Escobar on the original charges in this jurisdiction.

Harco contends that the trial court did not make findings of fact specifying the numerous tasks completed by Harco in its efforts to locate Defendant. However, the trial court was not required to make such findings, as "Rule 52(a)(1) does not require recitation of evidentiary facts." *Chemical Realty Corp.*, 65 N.C. App. at 249, 310 S.E.2d at 37. "[T]he court need only make brief, definite, pertinent findings and conclusions upon the contested matters." *State v. Rakina*, 49 N.C. App. 537, 540-41, 272 S.E.2d 3, 5 (1980) (holding that more specificity in the findings of fact was not required where the surety argued that the trial court failed to address the personal efforts of surety), *disc. review denied*, 302 N.C. 221, 277 S.E.2d 70 (1981). The trial court fulfilled its obligations under Rule 52(a)(1) because it made a specific finding of fact that Harco's efforts resulted in locating Defendant, but the District Attorney was ultimately responsible for returning Defendant to Union County. The trial court's findings of fact did not ignore questions of fact that had to be resolved before judgment could be entered. *Chemical Realty Corp.*, 65 N.C. App. at 250, 310 S.E.2d at 37. Accordingly, we affirm.

II.

[2] Harco next argues that the trial court's conclusions of law constituted an abuse of discretion because the findings of fact were incomplete. We disagree.

We have previously held that "it is within the court's discretion to remit judgment for 'extraordinary cause,' and we therefore review the court's decision . . . for abuse of discretion." *Coronel*, 145 N.C. App. at 243, 550 S.E.2d at 566; N.C. Gen. Stat. § 15A-544.8. A trial court may be reversed for abuse of discretion only "upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

In determining whether a forfeited bond may be remitted for extraordinary cause, courts consider the following factors:

> [T]he inconvenience and cost to the State and the courts; the diligence of sureties in staying abreast of the defendant's whereabouts prior to the date of appearance and in searching for the defendant . . .; [in cases where the defendant has died] the surety's diligence in obtaining information of the defendant's death; the risk assumed by the sureties; [and] the surety's status, be it private or professional . . . .

*Coronel*, 145 N.C. App. at 248, 550 S.E.2d at 569. Although a surety's diligence is a factor in determining whether a forfeited bond may be remitted for extraordinary cause, "diligence alone will not constitute 'extraordinary cause,' for due diligence by a surety is expected." *Id.* Recently, we held that the mere return of a defendant does not constitute extraordinary circumstances as a matter of law. *Edwards*, 172 N.C. App. at 827, 616 S.E.2d at 637.

We first note that the trial court's findings of fact are binding on appeal because Harco failed to specifically assign error to any of the findings. *State v. Cheek*, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999) (noting that because the defendant failed to specifically except to any of the trial court's findings of fact and failed to identify in his brief which of the trial court's findings of fact were not supported by the evidence, the court's review of the assignment of error was limited to whether the trial court's findings of fact supported its conclusions of law), *cert. denied*, 530 U.S. 1245, 147 L. Ed. 2d 965 (2000).

In addition to the findings of fact regarding Harco's efforts to locate Defendant, the trial court found that "[at] the time of the posting of the bond, information obtained by the bail agent included that Escobar was born in Mexico." The findings of fact also state that Harco "did not determine the legal status of Escobar in this country at the time of the posting of the bond," and "the only contact on behalf of the surety with Escobar after the initial meeting . . . was sporadic telephone contact." The trial court then concluded that:

> [T]he defendant's failure to appear at the scheduled court date is attributable not only to his voluntary, unlawful acts, but also to the inattention, neglect and lack of diligence by the surety and its agents in obtaining information and in staying abreast of defendant's whereabouts prior to the scheduled court date; that

**STATE v. ESCOBAR**

[187 N.C. App. 267 (2007)]

subsequent efforts by the surety and its agents did not lead to defendant's apprehension and capture but only to locating him in the penal system of a sister State after his apprehension by others.

The trial court's conclusions reflect a consideration of the factors outlined in *Coronel.* 145 N.C. App. at 248, 550 S.E.2d at 569. We have held that where the surety knew at the time it executed a bond that the defendant was a Texas resident and traveled outside of the United States in connection with his employment, "[it] was entirely foreseeable . . . that the sureties would be required to expend considerable efforts and money to locate [defendant] in the event he failed to appear." *State v. Vikre,* 86 N.C. App. 196, 199, 356 S.E.2d 802, 804, *disc. review denied,* 320 N.C. 637, 360 S.E.2d 103 (1987).

**[3]** Here, the evidence in the record shows that Harco was aware of Defendant's ties to Mexico, failed to verify his bogus Social Security number, did not stay abreast of his location prior to his court date, and, as the trial court stated in its findings of fact, was not responsible for Defendant's capture. Accordingly, we cannot conclude that the trial court abused its discretion in concluding that there were no extraordinary circumstances entitling Harco to relief from judgment.

Affirmed.

Judges HUNTER and GEER concur.