IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-198

Filed 17 October 2023

Durham County, No. 20 CR 050362

STATE OF NORTH CAROLINA

v.

YOUSEF BARAKAT MOHAMMED, DEFENDANT
1ST ATLANTIC SURETY COMPANY, SURETY

Appeal by Durham Public Schools Board of Education from order entered 16 November 2022 by Judge Clayton Jones, Jr., in Durham County District Court. Heard in the Court of Appeals 20 September 2023.

> *Tharrington Smith, LLP, by Stephen G. Rawson and Richard A. Paschal, for Durham Public Schools Board of Education-Appellant.*

> *The Law Offices of Elston, Donnahoo & Williams, P.C., by Brian D. Elston, for Surety-Appellee.*

COLLINS, Judge.

Durham Public Schools Board of Education ("Board") appeals from an order granting 1st Atlantic Surety Company's ("Surety") petition for relief from a final judgment of bond forfeiture. The Board argues that the trial court abused its discretion by granting relief because Surety failed to make a showing of extraordinary circumstances as required by statute. Because the record contains no evidence that extraordinary circumstances existed, the order is reversed.

## I.    Background

Yousef Barakat Mohammed ("Defendant") was arrested on 19 February 2020. On 29 February 2020, Defendant was released on $5,000 secured bond under bail agent Ashraf M. Mubaslat ("Mubaslat") and Surety's custody. Defendant failed to appear for court on 13 January 2022, and the trial court issued a bond forfeiture notice on 14 January 2022 with a final judgment date of 16 June 2022.

On 16 June 2022, Mubaslat filed a motion to set aside the forfeiture, indicating that "[t]he defendant died before or within the period between the forfeiture and this Motion, as evidenced by the attached copy of the defendant's death certificate." Mubaslat did not attach a death certificate to the motion, but instead he attached a hand-written note that stated, "Defendant died and we are getting a copy of death certificate." The Board objected to Mubaslat's motion and moved for sanctions against Surety for failure to provide actual documentation of Defendant's death. On 14 July 2022, the trial court denied Mubaslat's motion to set aside the forfeiture. The trial court entered a separate order finding grounds for sanctions and ordering Surety to pay $2,500. Surety paid the bond but did not pay the sanctions.

On 26 August 2022, the State moved to abate the criminal charges against Defendant on the ground that Defendant had died on or about 23 February 2022. The trial court allowed the State's motion and ordered that the case be dismissed. On 29 August 2022, Mubaslat and Surety filed a petition seeking relief from the final judgment of forfeiture, arguing:

7. The Defendant died before or within the period between the forfeiture and this Motion, as evidenced by the attached copy of the defendant's death certificate.

8. Filed Motion to set aside knowing the Defendant had died but was not able to produce documentation.

9. Surety Paid Bond

10. Surety was able to produce the death certificate after the final Judgment date and Bond was paid.

A photograph of Defendant's death certificate issued by the Cook County Clerk in Chicago, Illinois, was attached to the petition. On 14 September 2022, Surety withdrew and refiled the petition.[1]

The matter was heard on 9 November 2022. At the hearing, Surety's counsel argued that Mubaslat was unable to obtain a copy of Defendant's death certificate and had to find Defendant's family members to get a copy of his death certificate. However, Mubaslat was not present at the hearing, and no sworn testimony or affidavits were presented to the court. On 16 November 2022, the trial court entered an order granting Surety relief from the final judgment of forfeiture. The trial court found, in relevant part:

4. On or about February 13, 2022, Defendant Mohammed died.

5. Surety filed a motion to set aside on June 16, 2022, but did not attach a death certificate to the motion. The Board attorney filed an objection to said motion and motion for sanctions and noticed same for hearing on July 13, 2022. At the July 13, 2022 hearing, the Honorable Judge Dorothy

---

[1] The petition was originally signed by Mubaslat. The refiled petition was signed by counsel for Surety.

Mitchell entered an order denying the motion to set aside and an order awarding sanctions to the Board in the amount of 50% of the bond for failure to attach the required documentation. Neither of those orders was appealed.

6. The bond was paid in full on July 15, 2022. The sanctions had not been paid as of November 9, 2022.

7. On September 14, 2022, counsel for the Surety filed a Petition for Relief from Final Judgment and included a photograph of the death certificate for Defendant Mohammed.

8. At the November 9, 2022, hearing on Surety's Petition to Remit, counsel for the Surety argued that the bail agent was unable to obtain the death certificate from the Cook County, Illinois clerk in time to attach it to the original motion to set aside, and had to find family members of the deceased in order to get a copy of the record.

9. The Court finds that the Defendant died during the 150-day period following the failure to appear, and that the Surety's difficulty in getting the death certificate from Cook County along with efforts to contact the Defendant's family to obtain the same represent extraordinary circumstances that entitle the Surety to relief from the final judgment of forfeiture.

10. Because the July 13, 2022, sanctions order was not appealed, the Court finds that it has no ability to revisit that judgment.

Based upon its findings of fact, the trial court concluded that the 13 July sanctions order should remain in place, but "[t]he circumstances described by Surety constitute extraordinary circumstances . . ., and the Surety is entitled to relief in full from the final judgment of forfeiture." The Board appealed.

## II.    Discussion

### A. Standard of Review

A trial court's decision to grant relief based on the existence of extraordinary circumstances is reviewed for abuse of discretion. *State v. Edwards*, 172 N.C. App. 821, 825, 616 S.E.2d 634, 636 (2005) (citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that it[s ruling] was so arbitrary that it could not have been the result of a reasoned decision." *State v. Escobar*, 187 N.C. App. 267, 271, 652 S.E.2d 694, 698 (2007) (quotation marks and citation omitted).

### B. Extraordinary Circumstances

The Board argues that the trial court abused its discretion by granting Surety's petition for relief because Surety presented no evidence of extraordinary circumstances that prevented it from obtaining and furnishing Defendant's death certificate with its initial motion to set aside the judgment.

A trial court may grant relief from a final judgment of forfeiture if "extraordinary circumstances exist that the court, in its discretion, determines should entitle that person to relief." N.C. Gen. Stat. § 15A-544.8(b)(2) (2022). "Extraordinary circumstances in the context of bond forfeiture has been defined as going beyond what is usual, regular, common, or customary . . . of, relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee." *Edwards*, 172 N.C. App. at 825, 616 S.E.2d at 636 (quotation marks and citation omitted). "Whether the evidence presented rises

to the level of showing extraordinary circumstances is a heavily fact-based inquiry and therefore, should be reviewed on a case by case basis." *Escobar*, 187 N.C. App. at 270, 652 S.E.2d at 697 (quotation marks and citation omitted). "[T]he arguments of counsel are not evidence." *State v. Collins*, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996) (citations omitted).

At the hearing on Surety's petition, Surety's counsel argued that Mubaslat was unable to obtain a copy of Defendant's death certificate and had to find Defendant's family members to get a copy of the death certificate. However, Mubaslat was not present at the hearing, and no sworn testimony or affidavits were presented to the court to support counsel's assertions. The record evidence indicates that Defendant died, and that Surety did not produce evidence of Defendant's death until two months after the bond forfeiture judgment became final. Counsel's arguments were not evidence, and the record is devoid of evidence to support the trial court's finding of "Surety's difficulty in getting the death certificate from Cook County along with efforts to contact the Defendant's family to obtain the same" or any other circumstances "going beyond what is usual, regular, common, or customary . . . of, or relating to, or having the nature of an occurrence or risk of a kind other than what ordinary experience or prudence would foresee," *Edwards*, 172 N.C. App. at 825, 616 S.E.2d at 636 (quotation marks and citation omitted). Without such evidence, the trial court's conclusion that extraordinary circumstances existed could not have been the result of a reasoned decision.

### III.    Conclusion

For the foregoing reasons, the order granting Surety's petition for relief from the judgment is reversed.

REVERSED.

Judges TYSON and WOOD concur.